479 So.2d 845 (1985)
Raymond SABB, Appellant,
v.
STATE of Florida, Appellee.
No. BF-96.
District Court of Appeal of Florida, First District.
December 16, 1985.
*846 Michael Allen, Public Defender, Paula S. Saunders, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Andrea Smith Hillyer, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Sabb appeals the sentence imposed for his conviction on five counts of armed robbery, contending that the reasons given by the trial court for departing from the sentence recommended under the guidelines are not clear and convincing. We agree and reverse.
Sabb was charged with five counts of armed robbery and one count of aggravated assault. The offenses all occurred within a ten-day period, between 9 September and 18 September 1984. Sabb pled guilty to each of the armed robbery counts and the State agreed to nolle prosequi the count charging him with aggravated assault.
At the sentencing hearing, four witnesses testified on behalf of Sabb in favor of mitigating the sentence recommended for him under the guidelines; most notably, Mitchell Grover, a counselor with the Jacksonville Urban League who currently serves as an ex-offender specialist with the Parole and Probation Commission, and Nathan Green, the business manager of the labor union of which Sabb had been a member for five years.
Despite the arguments made in favor of mitigation, the trial court found no excuse for Sabb's behavior and a lack of remorse on his part. Accordingly, Sabb was sentenced to concurrent terms of twenty-five (25) years, the court imposing consecutive three-year minimum mandatory sentences for each of the offenses. As required, the following list of reasons were supplied to justify the trial court's departure from the sentencing guidelines:
(1) The defendant committed five (5) armed robberies within ten (10) days and during that period he constituted a "one man crime wave".
(2) During the commission of one of the offenses, he physically assaulted (with a firearm) a customer in the place of business being robbed.
(3) During the commission of one of the robberies, the defendant used force in excess of that required by jabbing a firearm into the stomach of the victim.
(4) The defendant has shown no remorse for his actions and his only justification for the offenses were economic pressures, i.e., child support delinquencies.
(5) The defendant is a serious threat to society as there is absolutely no reasonable expectation that similar behavior would cease upon the defendant's release.
The trial court's first justification, the fact that Sabb committed five offenses within ten days, is a circumstance which a court can consider in departing from the sentence recommended by the guidelines. Manning v. State, 452 So.2d 136 (Fla. 1st DCA 1984). In Manning, the court held that the temporal and geographical circumstances of the offenses for which convictions were received do support a deviation from the sentencing guidelines.
The second reason, that Sabb assaulted a customer during the commission of the offenses, is expressly prohibited by Fla.R.Crim.P. 3.701(d)(11):
Reasons for deviating from the guidelines shall not include factors relating to the instant offenses for which convictions have not been obtained.
Sabb was charged with aggravated assault and this charge was nol prossed by the State. Therefore, since Sabb was not convicted for the offense, the trial court is precluded from considering it as a ground for departure. Carney v. State, 458 So.2d 13 (Fla. 1st DCA 1984).
The third stated reason, like the first, is valid because it can be viewed as an "aggravating circumstance." In Smith v. State, 454 So.2d 90 (Fla. 2d DCA 1984), the Second District concluded that Fla.R. Crim.P. 3.701(d)(11) does not prohibit a trial court from considering aggravating circumstances and actions of the accused in *847 the commission of the offense, including the amount of force used.
As to the fourth justification, the trial court's finding that Sabb has shown no remorse for his actions is neither clear and convincing nor supported by the evidence. If anything, the evidence and testimony at the sentencing hearing revealed that Sabb was remorseful for his actions. Clearly, this reason cannot justify a departure. Sarvis v. State, 465 So.2d 573 (Fla. 1st DCA 1985).
The final reason for departure, that Sabb is a threat to society and there is no reasonable expectation that similar behavior would cease upon his release, is likewise insufficient. The guidelines call for a prison sentence of 5 1/2 to 7 years, and thus the trial court's concern about protecting society from any continuing threat could have been assuaged without deviation from the recommended sentence. This was also the conclusion in Brooks v. State, 456 So.2d 1305 (Fla. 1st DCA 1984), wherein the trial court listed as a justification for departure from the guidelines its feelings that the defendant was in "need of correctional rehabilitative treatment." On appeal, the court reasoned that the trial judge appeared to be expressing a choice between incarceration in prison and a nonprison sanction, which was not involved in the deviation decision at issue. This is true with the present case as well. Further, in Sarvis, an analogous statement was condemned by the court as wholly failing to relate to anything within the context of the case and as merely suggesting the trial court's general disagreement with the guidelines sentence.
To summarize, we have concluded that out of the five justifications listed, only reasons one and three are valid. Therefore, it must be decided whether the standard announced in Albritton v. State, 476 So.2d 158 (Fla. 1985), has been met. In Albritton, the Supreme Court held that "when a departure sentence is grounded on both valid and invalid reasons that the sentence should be reversed and the case remanded for resentencing unless the State is able to show beyond a reasonable doubt that the absence of the invalid reasons would not have affected the departure sentence." It should be noted that the briefs in the present case were filed prior to the rendition of this opinion and consequently the State has provided no argument directly on point.
In our opinion, however, this standard cannot be met in the present case. We are persuaded by the number of invalid reasons relied upon, Sabb's lack of a prior criminal history, and the testimony presented in favor of mitigation at the sentencing hearing. Accordingly, we reverse the sentence imposed on Sabb and remand the case for resentencing.
SHIVERS and ZEHMER, JJ., concur.