WIGGINTON, Judge.
Appellant pled guilty to attempted armed robbery, armed robbery, and burglary of a structure. The robberies took place within approximately an hour and fifteen minutes of one another. The burglary of a structure was committed two months prior to those offenses. Although the recommended guidelines sentence was four and one-half to five and one-half years’ incarceration, the trial court imposed a sentence of five and one-half years with a three-year mandatory minimum sentence for the armed robbery; a sentence of three and one-half years with a three-year mandatory minimum for the attempted armed robbery; and a sentence of five years’ probation for the burglary, the sentences to run consecutively. As its reasons for departure, the trial court set forth the following:
From the Defendant’s background and his inability to conform to any kind of regulation while in the service or as a civilian, the 5½ years maximum would be insufficient. Also, he, in this one episode, executed an armed robbery, anoth *512 er attempted armed robbery and buglar-ized another establishment. The Court finds the maximum guidelines sentence to be inappropriate for such a criminal episode.
Other than a vague reference to appellant’s background, it is unclear in the first reason for departure precisely why the recommended sentence of five and one-half years was insufficient. If the trial court was considering appellant's prior record, which had already been factored into the recommended score, the reason is invalid based on the supreme court’s decision in Hendrix v. State, 475 So.2d 1218 (Fla.1985). In any event, we are left to speculate in reviewing the judge’s first reason for departure. We hold it is therefore invalid as not being clear and convincing.
It is also somewhat unclear as to precisely what the trial court was considering in its second reason for departure. However, the reason given suggests the court either found the recommended sentence. inappropriate due to the seriousness of the criminal episode, or due to the “temporal and geographical circumstances” of the offenses for which appellant was convicted. Given either explanation, though, the reason is valid. Smith v. State, 479 So.2d 804 (Fla. 1st DCA 1985); Mincey v. State, 460 So.2d 396 (Fla. 1st DCA 1984); Manning v. State, 452 So.2d 136 (Fla. 1st DCA 1984).
Nevertheless, our review of the record and the arguments made have not persuaded us beyond a reasonable doubt that the trial court would have sentenced appellant in the same manner, without the benefit of the invalid reason relied upon. Accordingly, the departure sentence is reversed and the cause is remanded for re-sentencing. Albritton v. State, 476 So.2d 158 (Fla.1985).
ERVIN, J., and McCORD, GUYTE P., Jr. (Ret.), Associate Judge, concur.