MILLS, Judge.
Rousseau appeals from the imposition of sentence outside the sentencing guidelines and from the imposition of restitution as a condition of his probation. We affirm.
Rousseau was charged in each of three separate informations with burglary of a dwelling and grand theft. He thereafter withdrew his plea of “not guilty” and entered a guilty plea to the three burglary *831 charges, “only with the understanding that upon acceptance of the plea the state will announce a nol. pros, on the second count in each information [grand theft] and the court will order a PSI.”
Rousseau’s plea was accepted and he was sentenced pursuant to the guidelines. His scoresheet reflected a point total of 50, corresponding to a recommended sentence range of “community control or 12-30 months incarceration.” The trial judge departed from this recommendation, sentencing Rousseau to three concurrent terms of 5-years imprisonment, to be followed by 10-years probation, with full restitution to the three victims.
The court explained its departure as follows: 1) Rousseau committed three burglaries in a three-week time span; 2) his victims suffered psychological trauma; 3) the victims’ homes were violated; 4) Rousseau’s extensive prior record of misdemeanor offenses; and 5) the expressed desire that he understand that his crimes would not be tolerated in Clay County.
Temporal circumstances of the crimes is an acceptable reason for departure. Decker v. State, 482 So.2d 511 (Fla. 1st DCA 1986); Sabb v. State, 479 So.2d 845 (Fla. 1st DCA 1985). Psychological trauma to the victims has been similarly approved. Tompkins v. State, 483 So.2d 115 (Fla. 2d DCA 1986); Harris v. State, 482 So.2d 548 (Fla. 4th DCA 1986); Casteel v. State, 481 So.2d 72 (Fla. 1st DCA 1986).
However, the violation of the victims’ homes is an element of the crime charged; namely, burglary, and is therefore not a proper reason for departure. See Section 810.02(1), Florida Statutes (1983); Knowlton v. State, 466 So.2d 278 (Fla. 4th DCA) p.f.r.d. State v. Knowlton, 476 So.2d 675 (Fla.1985). Neither was it correct to rely on Rousseau’s prior misdemeanor record, since it had already been considered in arriving at his guidelines score. Hendrix v. State, 475 So.2d 1218 (Fla.1985); Deer v. State, 476 So.2d 163 (Fla.1985). Finally, Rousseau’s “need to understand that his crimes were not acceptable in the county of sentencing” was rejected in Santiago v. State, 478 So.2d 47 (Fla.1985), which held that the community in which the crime is committed is irrelevant. See also Smith v. State, 479 So.2d 804 (Fla. 1st DCA 1985) (reason improper if totally unrelated to the offense).
When a guidelines sentence is grounded on both valid and invalid reasons, the sentence should be reversed and the case remanded for resentencing unless the state is able to show beyond a reasonable doubt that the absence of the invalid reasons would not have affected the sentence. Albritton v. State, 476 So.2d 158, 160 (Fla.1985). Despite the fact that three of the five reasons given by the trial court are invalid, we are convinced beyond a reasonable doubt that the absence of these invalid reasons would not have affected the sentence imposed herein.
We also find that, under the circumstances of this case, the requirement of restitution as a condition of probation was proper. In J.S.H. v. State, 472 So.2d 737 (Fla.1985), the Supreme Court held that “it is not necessary that the offense charged describe the damage done in order to support a restitution order but only that the damage bear a significant relationship to the convicted offense.” J.S.H., at 738 (emphasis supplied). Here, Rousseau plead guilty to burglary with respect to all three victims, or, in the language of the charging document, to “unlawfully entering or remaining in a structure with the intent to commit an offense therein, to-wit: theft.” (emphasis supplied) Therefore, the victims’ damages, i.e. the value of their stolen property, bore a significant relationship to the convicted offense of burglary so as to support the restitution order herein.
Affirmed.
SMITH and THOMPSON, JJ., concur.