488 So.2d 146 (1986)
Dwayne A. SCOTT, Appellant,
v.
The STATE of Florida, Appellee.
No. 85-413.
District Court of Appeal of Florida, Third District.
May 13, 1986.
*147 Bennett H. Brummer, Public Defender, and John H. Lipinski and Arthur Carter, Sp. Asst. Public Defenders, for appellant.
Jim Smith, Atty. Gen., and Steven T. Scott, Asst. Atty. Gen., for appellee.
Before HENDRY, NESBITT and JORGENSON, JJ.
PER CURIAM.
Scott appeals from the imposition of a sentence outside of the guidelines. We reverse and remand for resentencing.
Scott was convicted for robbery, carrying a concealed weapon and unlawful possession of a firearm, for which he received a fifteen-year sentence, five years concurrent and a suspended sentence, respectively. In departing from the recommended sentence of seven to nine years, the trial court relied on the following reasons:
1. The victims have sustained psychological harm as a result of the crime.
2. The age of the victims, one 18 years of age, and one 70 years of age, made them extremely vulnerable to this crime.
3. The defendant's total lack of respect for the criminal justice system, as evinced by his testimony in and during the trial.
4. The defendant has four prior felony convictions.
5. Justice would not be served by imposition of a Guidelines Sentence.
6. This was a violent and heinous act.
7. The defendant created a life-threatening situation, as evinced by his comment, "I'll blow you away," to the victim, while displaying a firearm.
8. The defendant, at age 24, has been given many opportunities at rehabilitation and has taken advantage of none of them.
9. The defendant's comment, "I rob for a living," shows a total lack of respect for the criminal justice system.
10. The defendant has shown no remorse for crimes he committed.
The state concedes the invalidity of reasons four, Hendrix v. State, 475 So.2d 1218 (Fla. 1985); five, see Decker v. State, 482 So.2d 511 (Fla. 1st DCA 1986); and ten, State v. Mischler, 488 So.2d 523 (Fla. 1986).
The state, though conceding the invalidity of "lack of respect" as a reason for departure, contends that reason three is valid because it is based upon Scott's perjury at trial. If reason three is indeed grounded in the fact that the trial court believed Scott had been untruthful, it is still an improper basis for departure. Edwards v. State, 482 So.2d 553 (Fla. 2d DCA 1986); see also Beauvais v. State, 475 So.2d 1342 (Fla. 3d DCA 1985) (though a finding that a defendant was untruthful at trial is clear and convincing, it is an invalid reason for departure).
Finding that, at a minimum, four of the ten articulated reasons for departure *148 are invalid, we cannot be certain beyond a reasonable doubt that the trial court would have imposed the same sentence absent these reasons. Therefore, we are required to reverse and remand for resentencing. Albritton v. State, 476 So.2d 158 (Fla. 1985).
Reversed and remanded for resentencing.