WENTWORTH, Judge.
Appellant seeks review of three sentences to consecutive five year terms of imprisonment imposed after revocation of probation for three counts of grand theft. *858 We find that the court erred by improperly departing from the recommended sentence established pursuant to the Fla.R.Crim.P. 3.701 guidelines. We therefore vacate appellant’s sentences and remand the cause for resentencing.
Appellant entered negotiated guilty pleas and was placed on probation for three grand theft charges in 1984, agreeing to make restitution. In 1985 appellant was arrested for a new grand theft offense. A hearing was held and appellant was found to have violated his probation upon being arrested and by failing to make the agreed restitution. Appellant was sentenced pursuant to the Rule 3.701 sentencing guidelines, but the terms of imprisonment imposed are in excess of the guidelines’ recommended range. The court specified as its written reasons for departure[1] that:
This Defendant is a career thief. He committed the same offense while on probation. He has demonstrated he is a flimflam artist and has lied before the court.
Insofar as appellant’s status as a “career thief” was based solely upon a scored prior history without further analysis or stated reason, this circumstance may not serve as a predicate for departing from the recommended guidelines sentence. See McBride v. State, 477 So.2d 1091 (Fla. 4th DCA 1985). Nor may a bare belief that a defendant lied before the court serve as a basis for departure. See e.g., McBride, supra. Although departure will sometimes be appropriate for the repeated commission of similar offenses, see Jean v. State, 455 So.2d 1083 (Fla.2d DCA 1984), Fla.R. Crim.P. 3.701(d)(ll) prohibits departures predicated on “factors relating to prior arrests without conviction.” Rule 3.701(d)(2) defines conviction as “a determination of guilt resulting from plea or trial....” At the time of sentencing in the present case appellant had merely been arrested, but not convicted, of another offense. In accordance with Rule 3.701(d)(ll) a departure from the recommended guidelines sentence thus may not be predicated upon the conclusion that appellant “committed the same offense while on probation.”
Accordingly, appellant’s sentences are vacated and the cause remanded for resen-tencing.
MILLS and NIMMONS, JJ., concur.

. Fla.R.Crim.P. 3.701(d)(14) provides that a sentence imposed after revocation of probation may be increased to the next higher recommended range without a specified reason for departure. In the present case the court exceeded the next higher recommended range. Such a departure is permissible upon a written specification of reasons which may include circumstances of a probation violation which are sufficiently egregious. See Pentaude v. State, 478 So.2d 1147 (Fla. 1st DCA 1985).