492 So.2d 1146 (1986)
Nivaldo ECHEVARRIA, Appellant,
v.
The STATE of Florida, Appellee.
No. 85-552.
District Court of Appeal of Florida, Third District.
August 12, 1986.
As Modified on Denial of Rehearing September 12, 1986.
Bennett H. Brummer, Public Defender, and Michael A. Rosen, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Calvin L. Fox, Asst. Atty. Gen., for appellee.
Before HENDRY, BASKIN and JORGENSON, JJ.
BASKIN, Judge.
Defendant Echevarria was charged, pursuant to section 893.135(1)(b), Florida Statutes (1983), with trafficking in cocaine by the possession of 400 grams or more of cocaine. A search of his person yielded 28.5 grams of cocaine; a subsequent search of the vehicle he had been seen driving, and of the nearby warehouse, led to the recovery of over 400 grams of cocaine.
Following trial, the jury found Echevarria guilty of trafficking in cocaine by possessing *1147 28.5 grams of cocaine "on his person," effectively acquitting him of any connection with the drugs found in the automobile and the drug warehouse. The trial judge calculated Echevarria's sentence, under sentencing guidelines, at five and one-half to seven years, but departed from the guidelines, sentencing Echevarria to seventeen years' imprisonment.[1] Echevarria appeals the sentence. We reverse and remand for resentencing.
The state concedes that the trial court erred in computing defendant's sentence under the guidelines. In assessing points, the trial judge improperly considered a conviction that occurred subsequent to the offense charged, and the fact that Echevarria was on bond at the time of the offense. The parties agree that the correct guidelines sentence should be three and one-half to four and one-half years instead of the five and one-half to seven year sentence the trial court computed. Incorrect computations on a scoresheet necessitate vacating the sentence and remanding for resentencing. Self v. State, 487 So.2d 391 (Fla. 1st DCA 1986); Parker v. State, 478 So.2d 823 (Fla. 2d DCA 1985).
Next, we turn to the trial court's departure from the guidelines sentence. The scoresheet contains an unsigned statement as a justification for departure:
[D]eparted 3 cells because def[endant] is a [sic] habitual narcotics dealer, was out on bond on narcotics when this offense was committed which shows an escalating pattern of more serious offense as with this case it involved a cocaine laboratory which could have blown up a whole neighborhood and evidence showed def[endant] fired a gun in the area of this ether filled laboratory.
If, in fact, these reasons were penned by the trial court, they do not constitute valid bases for departure from the guidelines sentence. First, the trial court failed to comply with the requirements of section 775.084, Florida Statutes (1985), which calls for specific findings of fact before enhancing a defendant's sentence on the ground that he is an habitual offender. Bogan v. State, 489 So.2d 157 (Fla. 2d DCA 1986).
Second, the trial court erred in aggravating the sentence based on the fact that Echevarria was out on bond at the time the offense was committed. Florida Rule of Criminal Procedure 3.701(d)(11) prohibits departure predicated on "factors relating to prior arrests without conviction." Fisher v. State, 489 So.2d 857 (Fla. 1st DCA 1986). At the time of sentencing, Echevarria had been arrested and released on bond, but had not been convicted for another offense.
Third, the trial court erred in finding an escalating pattern of offensive conduct. Although under certain egregious circumstances a trial court may depart from the guidelines sentence based on a finding that a defendant has exhibited an escalating pattern of criminal activity, the record under consideration does not support such a finding. See Fabelo v. State, 488 So.2d 915 (Fla. 2d DCA 1986). The trial court erroneously considered that Echevarria fired a gun, an offense with which Echevarria was not charged, see Whitfield v. State, 490 So.2d 1358 (Fla. 5th DCA 1986), and Echevarria's involvement with the cocaine laboratory, an offense expressly negated by the jury's verdict. See Crofton v. State, 491 So.2d 317 (Fla. 1st DCA 1986); Dixon v. State, 492 So.2d 410 (Fla. 5th DCA 1986); Baxter v. State, 488 So.2d 647 (Fla. 5th DCA 1986); Allen v. State, 479 So.2d 257 (Fla. 2d DCA 1985). For the same reasons, the trial court's implicit finding of extreme risk of harm to others is improper.
Furthermore, the trial court neglected to enter a written order justifying its departure from the sentencing guidelines; notations on a sentencing guidelines scoresheet *1148 do not suffice as a written order. Bauza v. State, 491 So.2d 323 (Fla. 3d DCA 1986).
Finally, we note that the use of a narrative form setting forth reasons for departure gives rise to speculation as to which portion of the statement supported the trial court's ruling. The trial judge should clearly list the separate grounds upon which departure is predicated. See Campos v. State, 488 So.2d 677 (Fla. 4th DCA 1986).
For these reasons, we reverse and remand for the trial court to resentence Echevarria within appropriate sentencing guidelines.
NOTES
[1] During the pendency of this appeal, the state requested and was granted relinquishment of this court's jurisdiction to permit the trial court to reconsider its grounds for departure in light of subsequent case law. The trial court prepared a second scoresheet containing a new basis for departure. The second scoresheet is the subject of this opinion.