500 So.2d 604 (1986)
Kenneth Shawn WILLIAMS Appellant,
v.
STATE of Florida, Appellee.
Nos. 85-1879, 85-1880, 85-1881, and 86-895.
District Court of Appeal of Florida, Fifth District.
December 18, 1986.
Rehearing Denied January 12, 1987.
*605 James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
In departing from the recommended guidelines sentence of 4 1/2 to 5 1/2 years' imprisonment and ordering that defendant be incarcerated for 17 years, the trial court relied on both valid and invalid reasons. We summarize and discuss the grounds given.
A. Escalating course of criminal conduct. While this has been held to be a valid reason for departure, Cawthon v. State, 486 So.2d 90 (Fla. 5th DCA 1986); May v. State, 475 So.2d 1004 (Fla. 5th DCA 1985), this finding must be supported by the record. Brown v. State, 483 So.2d 857 (Fla. 5th DCA 1986). While defendant was quite active in his criminal career, all of the offenses referred to were of the same nature, armed robbery or aggravated assault with a firearm. Thus the record does not support the finding of an escalating course of criminal conduct and will not support departure.
B. While committing one of the armed robberies, defendant subjected the victim to violence and fear. The taking of money or property from a victim by "force, violence, assault or putting in fear" is an inherent element of the crime of robbery. § 812.13, Fla. Stat. (1985). An inherent component of the crime for which a defendant is being sentenced cannot be used as a reason for departure. Lerma v. State, 497 So.2d 736 (Fla. 1986); State v. Cote, 487 So.2d 1039 (Fla. 1986). This reason is invalid.
C. Excessive use of violence by choking the victim and "partially strangling her." The excessive use of force or violence may be a valid reason for departure. Lerma; Williams v. State, 492 So.2d 1171 (Fla. 5th DCA 1986). Additionally, victim injury is not an inherent component of the crime of robbery, Vega v. State, *606 498 So.2d 1294 (Fla. 5th DCA 1986); Parker v. State, 478 So.2d 823 (Fla. 2d DCA 1985); Brown v. State, 474 So.2d 346 (Fla. 1st DCA 1985), and thus may serve as a valid reason for departure. Self v. State, 487 So.2d 391 (Fla. 1st DCA 1986).
D. Close proximity of the various crimes, some of which occurred while defendant was on bond for earlier crimes for which he was subsequently convicted and for which he was now being sentenced (crime spree). This court has held that the timing of the offenses for which appellant is being sentenced may be a valid reason for departure. Rodrigue v. State, 481 So.2d 24 (Fla. 5th DCA 1986). See also Swain v. State, 455 So.2d 533 (Fla. 1st DCA 1984); Fleming v. State, 456 So.2d 1300 (Fla. 2d DCA 1984). The record supports this reason.
Because two of the reasons given are invalid and because the State has not demonstrated beyond a reasonable doubt that the absence of the invalid reasons would not have affected the departure sentence, we must vacate the sentence and remand the case for resentencing. Albritton v. State, 476 So.2d 158 (Fla. 1985).
SENTENCE VACATED, REMANDED.
DAUKSCH and COWART, JJ., concur.