500 So.2d 328 (1986)
Russell SNELLING, Appellant,
v.
STATE of Florida, Appellee.
No. BL-276.
District Court of Appeal of Florida, First District.
December 30, 1986.
David A. Davis, Asst. Public Defender, Pamela D. Presnell, Certified Legal Asst., Tallahassee, for appellant.
John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Appellant appeals his enhanced sentence for ten theft-related third degree felonies, alleging that the trial court abused its discretion in departing from the recommended sentencing guidelines range. We affirm.
Appellant pled nolo contendere to three counts of grand theft, four counts of fraudulent use of a credit card, two counts of forgery, and one count of uttering a forged instrument. A guidelines scoresheet was prepared indicating a total of 22 points and a recommended sentencing range of any nonstate prison sanction. The trial court imposed a sentence of three years incarceration to be followed by seven years probation. The court gave its reasons for departure in writing as follows:
1. The defendant engaged in a crime spree. He committed a tremendous number of thefts in a relatively short period of time and in a relatively centralized location of the community  the campus of FAMU and FSU.
2. The presumptive guidelines sentence is not commensurate with the seriousness of these offenses.
3. After the defendant had been arrested and became aware of the serious nature of these offenses, he was freed on bond and nevertheless continued to commit the same type of criminal offenses. This demonstrates that the greater sentence imposed is necessary for the protection of the community.
In addition to setting forth the above reasons, the trial court concluded its order with the following paragraph:
If one or more of the foregoing reasons are determined, upon appellate review, to be impermissible, this court would nevertheless depart from the presumptive guidelines sentence, based upon the remaining permissible reason or reasons, and impose the same sentence as pronounced.
We find the first reason for departure clear and convincing. On several occasions, this court has held that the timing of the crimes committed is a valid basis for departure from the recommended sentencing guidelines. Decker v. State, 482 So.2d 511 (Fla. 1st DCA 1986); Sabb v. State, 479 So.2d 845 (Fla. 1st DCA 1985); Smith v. *329 State, 479 So.2d 804 (Fla. 1st DCA 1985); Mincey v. State, 460 So.2d 396 (Fla. 1st DCA 1984); Manning v. State, 452 So.2d 136 (Fla. 1st DCA 1984). In the instant case, appellant stole credit cards and personal checks which he used to obtain merchandise, services, and cash during an eleven-month period. The trial court included in its first reason for departure the geographical location of the crimes committed. We do not consider that this fact constitutes a separate reason for departure; rather, it serves to describe the crime spree itself.
The second reason for departure is invalid. Williams v. State, 492 So.2d 1308 (Fla. 1986); Scurry v. State, 489 So.2d 25 (Fla. 1986).
We find the third reason for departure clear and convincing. After the trial court had released appellant on his own recognizance, he committed two additional theft-related crimes. The sentencing guidelines simply do not take into account the circumstances surrounding the commission of these last two crimes or the time frame within which they were committed. This situation is analogous to those cases in which the defendant has a prior history of failed alternative treatment. See, for example, Simmons v. State, 483 So.2d 530 (Fla. 1st DCA 1986); Burch v. State, 462 So.2d 548 (Fla. 1st DCA 1985), affirmed 480 So.2d 639 (Fla. 1985). Appellant's conduct indicates that he would not be a good candidate for a nonstate prison sanction, for if he would commit additional crimes while awaiting sentencing, he would do the same if a nonincarcerative sentence were imposed.
In summary, we hold that reasons numbered one and three are valid and affirm. The guidelines scoring simply does not take into account the pattern of conduct evidenced here, nor the appellant's failure to remain a law-abiding citizen while released from jail on his own recognizance. The scoring is the same whether several offenses are part of the same transaction or are all separate and part of an overall criminal plan.
Since the trial court stated in its order that it would impose the same sentence if at least one of the reasons is valid, we certify the same question as was certified in Griffis v. State, 497 So.2d 296 (Fla. 1st DCA 1986); and Reichman v. State, 497 So.2d 293 (Fla. 1st DCA 1986). We find, however, notwithstanding the trial court's above statement, that the beyond a reasonable doubt standard of appellate review for departure sentences mandated by Albritton v. State, 476 So.2d 158 (Fla. 1985), has been met.
The sentence imposed by the trial court is AFFIRMED.
SHIVERS and ZEHMER, JJ., concur.