501 So.2d 1370 (1987)
Eugene L. PASCHALL, Appellant,
v.
STATE of Florida, Appellee.
No. 86-20.
District Court of Appeal of Florida, Second District.
February 6, 1987.
*1371 Ricky E. Williams of Williams and Westfield, P.A., Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James A. Young, Asst. Atty. Gen., Tampa, for appellee.
SANDERLIN, Judge.
Paschall appeals the sentence he received following his plea of guilty to nine counts of armed robbery and one count of aggravated assault. He raises several points on appeal; however, we find merit only in his argument concerning sentencing errors.
At sentencing, the trial court made findings that Paschall was a habitual offender, and therefore, entered a sentence under chapter 775, Florida Statutes (1985). Alternatively, the court also entered a guidelines sentence, with departure. While we commend the trial court's effort to arrive at a valid sentence, we, nonetheless, find that in light of a recent supreme court decision, the sentencing was improper and must be reversed.
As to Paschall's sentence under the habitual offender act, we agree that the statute is not an alternative to the sentencing guidelines, nor is it a reason for departure. Whitehead v. State, 498 So.2d 863 (Fla. 1986).
Since the habitual offender statute is therefore inapplicable below, we now consider the propriety of the trial court's departure *1372 from the guidelines sentence. At sentencing, a guidelines scoresheet was prepared and totaled 173 points. The recommended range suggested seven to nine years. Finding an exception was warranted, the trial court imposed a departure sentence. In its "Order For Clear And Convincing Reasons To Depart From The Guidelines," the court found:
In addition, even if the defendant had not been sentenced as an habitual offender, the Court finds the following clear and convincing reasons for departure upwards from the guidelines: that the defendant entered into a "one man crime spree"; that some of these offenses were committed while the defendant was out on bond for the same type of offenses; that the defendant discharged a firearm in two cases, creating a danger to the public at large; that there were multiple victims in some cases.
As in previous cases, we will address each reason for departure.
"One-man crime spree" is a valid reason for departure, if supported by the record. Manning v. State, 452 So.2d 136 (Fla. 1st DCA 1984). While there are problems with the trial court's "abbreviated, undetailed" reason, we are not precluded from reviewing the record to flesh out the factual support to ascertain the sufficiency of the reason. Vanover v. State, 498 So.2d 899 (Fla. 1986). The record reveals that appellant committed two of the offenses for which he was convicted in October 1984, three offenses were committed in November 1984, and finally appellant committed four more of the offenses in March 1985. We find that this record supports the trial court's reason for departure.
Offenses committed while defendant was out on bond for the same type of offenses has been held an invalid reason for departure. See Echevarria v. State, 492 So.2d 1146 (Fla. 3d DCA 1986). In Echevarria the third district found that at the time of sentencing, the defendant had been arrested and released on bond, but had not been convicted for another offense. Accordingly, the court found this reason infirm because it was predicated on "factors relating to prior arrests without conviction." Id. at 1147 (citing Fisher v. State, 489 So.2d 857 (Fla. 1st DCA 1986)). In the present case, appellant was convicted for the offense for which he was out on bond, along with the offenses that he committed while out on bond. We note the fact that appellant was "out on bond" is not calculated into appellant's presumptive sentence. See Fla.R.Crim.P. 3.701(d)(6) (definition of "legal status at time of offense" only includes violation of condition of a supersedeas bond). We cannot, therefore, hold that this reason is generally an invalid reason for departure. Under the facts of this case, however, it appears that the fact appellant committed some offenses while out on bond is tied to the "crime spree" rationale, and thus, cannot serve as an independent basis for departure. Cf. Snelling v. State, 500 So.2d 328 (Fla. 1st DCA 1986) (trial court's description of the geographical location of the offenses did not constitute separate reason for departure; rather, it served to describe crime spree itself).
Discharging a firearm in two cases creating a danger to the public is an invalid reason for departure. The defendant was sentenced for aggravated assault. Also, a firearm was used in committing the armed robberies, for which he was also sentenced. The use of a firearm is an element of both offenses and, therefore, has already been factored into the scoresheet.
Multiple victims is an invalid reason for departure because it necessarily considers the crimes which were charged; namely, armed robbery and aggravated assault.
Because the trial court departed from the guidelines for both permissible and impermissible reasons and we cannot ascertain from the record whether the trial court would have departed based solely on the permissible reasons, we reverse appellant's sentences and remand to the trial court for resentencing. Casteel v. State, *1373 498 So.2d 1249 (Fla. 1986); Albritton v. State, 476 So.2d 158 (Fla. 1985).
Appellant's remaining points on appeal are without merit.
Reversed and remanded for resentencing.
SCHEB, A.C.J., and HALL, J., concur.