508 So.2d 1318 (1987)
Nicholas M. COX, Appellant,
v.
STATE of Florida, Appellee.
No. BM-184.
District Court of Appeal of Florida, First District.
June 23, 1987.
*1319 Michael E. Allen, Public Defender; and Kenneth L. Hosford, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Royall P. Terry, Jr., Asst. Atty. Gen., for appellee.
PEARSON, TILLMAN, Associate Judge (Ret.)
This is an appeal from a sentence which exceeds the presumptive sentence recommended by the sentencing guidelines. Because we find the departure from the guidelines' recommended sentence to be unsupported by the record, we reverse.
The appellant entered pleas of nolo contendere to one count of burglary of a dwelling, one count of burglary of a conveyance, and one count of grand theft. The underlying facts, which are not in dispute, are that on August 8, 1985 appellant broke into a vehicle and stole stereo parts, that during the afternoon or early evening of August 11, 1985 he broke into another vehicle and stole some cigarettes, a cigarette lighter and a can of Coca-Cola, and that later during the evening of August 11, 1985 he broke into a mobile home and stole a television set and some other items. The presentence investigation report on the appellant revealed that his only prior convictions were for two relatively minor marijuana offenses committed in New York in 1983. Based on the instant convictions and on the appellant's prior record as revealed by the presentence investigation report, the guidelines' recommended sentence was "any non-state prison sanction." However, the trial court imposed a sentence of three years incarceration, giving the following written reasons for its decision to depart from the recommended sentence:
1. During a three (3) day time period, the Defendant committed three separate felony offenses involving three (3) separate victims. This is evidence of the defendant's involvement in a one man crime binge.
2. The defendant's pattern of escalating crimes, as his criminal activity increases, displays an increasing threat to the welfare of the community.
In the recent case of Keys v. State, 500 So.2d 134 (Fla. 1986), our Supreme Court expressly held that in order to support a departure sentence the written reasons given by the trial court for departure must not only be "clear and convincing" but must:
be credible and proven beyond a reasonable doubt. Even if the reason is one which in the abstract may be appropriate for departure, the facts of the particular case must establish the reason beyond a reasonable doubt.
500 So.2d at 135. Although both of the reasons given by the trial court for departure have been held in other cases to be "appropriate for departure," the record before us fails to support the application of either reason in this case.
Our research indicates that the vast majority of the recent cases approving departure on grounds that the defendant engaged in a "crime spree" or "crime binge" have involved far more serious crimes and far more egregious circumstances than those of this case. For example, in Paschall v. State, 501 So.2d 1370 (Fla. 2d DCA 1987), the defendant was convicted of nine armed robberies and one aggravated assault, all within a six month period. A number of the crimes for which Paschall was being sentenced were committed after he had been released on bond subsequent to his arrest for several of the other crimes. Although in Williams v. State, 500 So.2d 604 (Fla. 5th DCA 1987) no reference was made to the actual number of crimes committed, the Williams court did refer to the defendant's "quite active" criminal career involving armed robberies and aggravated assaults using a firearm, to the "close proximity of the various crimes," and to the fact that the defendant was out on bond for earlier crimes when some of his later crimes were committed. In Snelling v. State, 500 So.2d 328 (Fla. 1st DCA 1986) this court approved the trial court's "crime spree" rationale for departure where the defendant was convicted of ten separate crimes committed during an eleven month period in a confined geographical area. In Snelling, as in Paschall and Williams, a number of the crimes for which the defendant was being sentenced *1320 had been committed after he had already been arrested for several of the earlier crimes for which he was being sentenced. In Sabb v. State, 479 So.2d 845 (Fla. 1st DCA 1985) this court approved the "crime spree" rationale for departure where the defendant committed five armed robberies in a period of only ten days. In our view, the commission of two automobile burglaries and a household burglary over a period of three days simply will not qualify as a "crime spree." See Dawkins v. State, 479 So.2d 818 (Fla. 2d DCA 1985), wherein four sales of cocaine during an eight day period were held not to constitute a "crime binge."
Neither can we agree with the trial court's conclusion that appellant's record demonstrated an "escalating pattern of criminality" sufficient to warrant imposition of a departure sentence. So far as the record reveals, the appellant has been convicted of a total of five crimes, the first two being the relatively minor marijuana offenses committed in 1983 and the latter three being the instant offenses. In the typical case wherein an "escalating pattern of criminality" has been approved as a valid reason for departure, the defendant has committed many more crimes than has the appellant, and has graduated from relatively minor crimes against property to serious violent crimes against persons. For example, in Keys v. State, the defendant had a 15 year criminal history which commenced with a breaking and entering and a larceny and which culminated with a sexual battery, a robbery and an aggravated battery. In approving the departure on the basis of the escalating pattern of criminality the court expressly noted the escalation from nonviolent to violent crimes:
"We find that this escalation from crimes against property to violent crimes against persons is a clear and convincing reason for departure... ."
500 So.2d at 136. See also Brier v. State, 504 So.2d 809 (Fla. 2d DCA 1987); Abt v. State, 504 So.2d 548 (Fla. 4th DCA 1987); and Hester v. State, 503 So.2d 1342 (Fla. 1st DCA 1987), all making specific reference to defendant's "graduation" or "escalation" from nonviolent crimes against property to violent crimes against persons.
As noted above, even though the trial court's stated reasons for departure are ones "which in the abstract may be appropriate for departure," Keys v. State, the facts of this case do not support the application of either reason herein. We also note with disapproval the fact that the trial court's statement of written reasons for departure is nothing more than a verbatim copy of the suggested reasons for departure furnished to the court by the assistant state's attorney in his letter recommending departure from the presumptive guidelines sentence. The guidelines' requirement that the court furnish written reasons for departure is intended to encourage trial judges to give their own thoughtful consideration to any departure sentence, and the function of formulating reasons for departure is "a function committed exclusively to the judiciary." Barbera v. State, 505 So.2d 413 (Fla. 1987).
Because neither of the trial court's stated reasons for imposition of the departure sentence in this case was supported by the record, the cause is reversed and remanded for resentencing within the recommended range provided by the sentencing guidelines. Williams v. State, 492 So.2d 1308 (Fla. 1986).
REVERSED AND REMANDED for resentencing.
ZEHMER and BARFIELD, JJ., concur.