516 So.2d 318 (1987)
David Lee HAYES, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1646.
District Court of Appeal of Florida, Second District.
December 9, 1987.
James Marion Moorman, Public Defender, and John T. Kilcrease, Jr., Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
The appellant was found guilty of second degree robbery in violation of section 812.13(2)(c), Florida Statutes (1985). At sentencing, the trial court scored victim injury for the primary offense, the second degree robbery, as well as for two additional robberies scored on the scoresheet as additional offenses. Appellant's recommended guidelines sentence was five and one-half to seven and one-half years. The trial court sentenced appellant to fifteen years imprisonment. The trial court gave the following reasons for departure:
The Defendant was involved in a crime spree over a short period of time. On January 4, 1986, the defendant was involved in a robbery and grand theft, Case No. 85-135-CF [sic]. Just three days later, on January 7, 1986, the defendant committed two more robberies, Case Nos. 86-136-CF and 86-82-CF. The victim sustained serious personal injuries as a result of the violent act of the Defendant and the effects remain as of the date of sentencing. Further, the victim has suffered from psychological trauma as a result of the criminal act of the Defendant, the symptoms of which persist and will have a profound effect upon the victim in the future.
The trial court improperly scored victim injury for the offenses. Appellant *319 committed his offenses in early 1986. At the time of the offenses, Florida Rule of Criminal Procedure 3.701(d)(7) provided: "victim injury shall be scored if it is an element of any offenses at conviction."[1] Victim injury is not an element of the convicted offenses. Victim injury cannot be scored where it is not an element of the convicted offenses. Hansbrough v. State, 509 So.2d 1081 (Fla. 1987) Hendry v. State, 460 So.2d 589 (Fla. 2d DCA 1984); Toney v. State, 456 So.2d 559 (Fla. 2d DCA 1984).
An amendment to the sentencing guidelines may not be applied retroactively if it "changes the legal consequences of acts completed before its effective date." Miller v. Florida, ___ U.S. ___, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987). Scoring victim injury on the primary offenses as well as the two additional offenses increased the length of the presumptive guidelines sentence.
Accordingly, we affirm appellant's conviction and reverse and vacate his sentence. On remand, the trial court may not score victim injury. The trial court may not depart from the sentencing guidelines presumptive sentence on the basis of appellant's "crime spree." The additional offenses were factored into appellant's presumptive guidelines sentence. Mathis v. State, 515 So.2d 214 (Fla. 1987); State v. Rousseau, 509 So.2d 281 (Fla. 1987). However, because victim injury is not an element of robbery and, thus, under the 1986 law, cannot be calculated into the appellant's scoresheet, the trial court may depart from the sentencing guidelines presumptive sentence on the basis of victim injury. Hansbrough, 509 So.2d at 1087.
Affirmed in part, reversed in part.
DANAHY, C.J., and THREADGILL, J., concur.
NOTES
[1] In Florida Rules of Criminal Procedure re Sentencing Guidelines (Rules 3.701 and 3.988), 509 So.2d 1088 (Fla. 1987), the Florida Supreme Court adopted the Commission's recommendation for amendment of Rule 3.701(d)(7). The amendment took effect July 1, 1987. Florida Rule of Criminal Procedure 3.701(d)(7) now provides: "victim injury shall be scored for each victim physically injured during a criminal episode or transaction."