MILLS, Judge.
Kelvin Dewitt Burney appeals from his conviction and sentence for unarmed robbery, and from the sentence imposed after a guilty plea to a second charge of unarmed robbery. While we affirm the conviction, both sentences must be reversed.
At 2:00 a.m. on 3 February 1987, a man, positively identified by the clerk who was robbed as the defendant in this case, entered a convenience store and forced the *796 clerk to put cash into a paper bag by pretending to have a gun in his pocket. At 6:00 p.m. on 3 February 1987, a man, again positively identified at trial as defendant, reentered the same convenience store and robbed that clerk of an undetermined amount of cash by presenting a note which read “This is a robbery, I have a gun, don’t make me shoot you.” Finally, at approximately 1:30 a.m. on the morning of 4 February 1987, a man, again positively identified at trial as defendant, entered the same store for a third time carrying a note. The clerk behind the counter, who had been robbed at approximately this same time the previous night, set off a silent alarm to the police department. After realizing what she had done, the defendant fled the premises without presenting the note and without attempting any robbery. Officer Thompson responded to the silent alarm, and apprehended defendant approximately 45 minutes after he fled from the store. The police officer returned defendant to the store, where the clerk came out and made a positive identification of defendant as the man who had robbed her in the early morning hours of February 3rd.
In Case No. 87-1549, Burney was charged with unarmed robbery with regard to the incident occurring at 2:00 a.m. on 3 February; Case No. 87-1550 charged him with robbery with regard to the 6:00 p.m. incident on 3 February. Prior to trial, Burney pled guilty to unarmed robbery in Case No. 87-1550. Case No. 87-1549 proceeded to trial, after which Burney was convicted as charged.
Pursuant to the plea bargain in 87-1550, Burney was sentenced in both cases at a single proceeding. Despite a recommended guidelines range of 12 to 30 months, the court sentenced Burney to two concurrent seven year terms with 100 days jail time credit. His written reasons for this departure from the guidelines were as follows: 1) Burney had gone on a “crime binge” by virtue of his robbery of the same store twice in the same day, and his attempted robbery of that store the next day, citing Snelling v. State, 500 So.2d 328 (Fla. 1st DCA 1986) (the timing of offenses is a valid reason for departure); 2) Burney obviously “cased” the premises prior to committing the robberies and used a prepared note in the second robbery, therefore the robberies were “premeditated and calculated”, citing Casteel v. State, 498 So.2d 1249 (Fla.1986) and Lerma v. State, 497 So.2d 736 (Fla. 1986); and 3) both victims had been females working alone at night, citing Mathis v. State, 498 So.2d 647 (Fla. 1st DCA 1986).
In Mathis v. State, 515 So.2d 214 (Fla.1987), the Supreme Court stated that a departure because “the victims were female and working alone at night is invalid [in that] the victims’ defenselessness is common to nearly any armed robbery. Nor is the gender of the victim, in and of itself, an appropriate reason for departure.” Mathis at 216. Further, in Hansbrough v. State, 509 So.2d 1081 (Fla.1987), the Supreme Court noted that because premeditation is an inherent component of any robbery, premeditation as a reason for departure is invalid. Hansbrough at 1088, citing Knowlton v. State, 466 So.2d 278 (Fla. 4th DCA 1985) review denied 476 So.2d 675 (Fla.1985). Therefore, we are left to determine the validity of the third and final reason given by the trial court for departure, that, based on Burney’s robbery or attempted robbery of the same convenience store in less than a 24 hour period, he had gone on a “crime binge.”
In Snelling v. State, 500 So.2d 328 (Fla. 1st DCA 1986) this court approved the trial court’s “crime spree” rationale for departure where the defendant was convicted of ten separate crimes committed during an eleven month period in a confined geographical area. In Sabb v. State, 479 So.2d 845 (Fla. 1st DCA 1985) this court approved the “crime spree” rationale for departure where the defendant committed five armed robberies in a period of only ten days. In Cox v. State, 508 So.2d 1318 (Fla. 1st DCA 1987), this court noted the decisions in Snelling and Sabb, finding that they involved “far more serious crimes and far more egregious circumstances than those of this case,” namely, the commission of two automobile burglaries and a household burglary over a period of three days. These latter circumstances, held the court, *797 “simply will not qualify as a crime spree.” Cox at 1320. In the instant case, Burney committed two unarmed robberies of the same store in a less-than-24 hour period. Involved in this case were neither the number of crimes involved in Smelling (ten) nor the serious crimes involved in Sabb (armed robbery). Although it is a close question, we find that the circumstances of this case do not meet the definition of “crime spree” as found in Cox so as to render this reason for departure valid.
Therefore, having invalidated all three reasons given by the trial court for its departure from the recommended sentence of 12 to 30 months, resentencing following remand must be within the presumptive guidelines sentence. Shull v. Dugger, 515 So.2d 748 (Fla.1987). The conviction is affirmed, but the sentence imposed reversed and the case remanded for resentencing within the guidelines.
SHIVERS and JOANOS, JJ., concur.