ERVIN, Judge.
Appellant, Marcus Deon Smith, appeals from a departure sentence imposed upon him in his absence after this court had ordered resentencing. We affirm in part and reverse in part.
*71 Appellant pled guilty to fifteen burglary counts, fourteen grand theft counts and one petit theft count. Erroneously, however, departure sentences which illegally exceeded the maximum statutory penalties for the crimes involved were twice imposed upon appellant. On a previous appeal to this court, the sentences were vacated and the case was remanded to the trial court for resentencing. Smith v. State, 513 So.2d 1113 (Fla. 1st DCA 1987). On remand, the trial court failed to conduct a hearing and entered a departure sentence in the appellant’s absence. This was error. Once this court directs resentencing, it is essential that the defendant be present and that a full sentencing proceeding be conducted. See Griffin v. State, 517 So.2d 669 (Fla.1987).
Because appellant will again be resentenced, and it is possible that the lower court may again consider a departure sentence, we consider it necessary to give certain cautionary directions to the trial court in light of the review standard set forth in Albritton v. State, 476 So.2d 158 (Fla.1985).[1] Of the three reasons previously given by the trial court, we agree that one was valid and another invalid. The departure based upon the reason that the defendant committed and was convicted of crimes which occurred while he was released on his own recognizance has been held valid in this district, see Snelling v. State, 500 So.2d 328 (Fla. 1st DCA 1986); however, departure based upon the victims’ feelings or psychological trauma, as involved in this case, is invalid. See State v. Rousseau, 509 So.2d 281 (Fla.1987).
As to the third reason given, “crime binge,” it is unclear from the record whether the trial court considered the instant offenses to constitute a crime binge due to the number of crimes the defendant committed within a relatively short period of time, or the temporal proximity of the commission of the crimes. Crime binge is not a clear and convincing ground for departure when each crime is calculated in determining the guideline sentence, and “[t]here are no additional facts that would justify departure.” Mathis v. State, 515 So.2d 214, 216 (Fla.1987). See also State v. Rousseau, 509 So.2d 281, 283 (Fla.1987). However, where the temporal proximity of the commission of the crimes demonstrates the “defendant’s involvement in a continuing and persistent pattern of criminal activity,” a valid ground for departure exists. State v. Jones, 530 So.2d 53, 56 (Fla.1988).
REVERSED and REMANDED for further proceedings consistent with this opinion.
WENTWORTH and ZEHMER, JJ., concur.

. Because the offenses were committed prior to the effective date of the 1987 amendment to Section 921.001(5), Florida Statutes, the amendment does not apply.