FRANK, Judge.
Paschall, appearing pro se, appeals from the departure sentence imposed upon him following remand from this court in Paschall v. State, 501 So.2d 1370 (Fla. 2d DCA 1987) (Paschall I).
In Paschall I we determined that only one departure ground was valid. We remanded for resentencing because of the invalid reasons. On remand, the trial court sentenced Paschall to the same sentence, *471 finding that the one valid ground was sufficient to support the departure.
Paschall contends that the reason for departure has, subsequent to the remand by this court, been declared invalid. The departure ground we determined to be valid in Paschall I was “One-man crime spree.” 501 So.2d at 1372. We found that the record supported the departure reason because: “[A]ppellant committed two of the offenses for which he was convicted in October 1984, three offenses were committed in November 1984, and finally appellant committed four more of the offenses in March 1985.” Id.
The first district in Smith v. State, 532 So.2d 70, 71 (Fla. 1st DCA 1988) aptly explained the distinction which is critical to the determination of the validity of this departure ground:
Crime binge is not a clear and convincing ground for departure when each crime is calculated in determining the guidelines sentence, and “[t]here are no additional facts that would justify departure.” Mathis v. State, 515 So.2d 214, 216 (Fla.1987). See also State v. Rousseau, 509 So.2d 281, 283 (Fla.1987). However, where the temporal proximity of the commission of the crimes demonstrates the “defendant’s involvement in a continuing and persistent pattern of criminal activity,” a valid ground for departure exists. State v. Jones, 530 So.2d 53, 56 (Fla.1988).
The present record supports the departure ground based upon the temporal proximity of the crimes noted by the trial court on the sentencing guidelines scoresheet. Jones. We affirm the departure sentence.
Paschall also challenges the extent of departure, i.e, the quintupling of the presumptive sentence. Paschall committed the offenses in question prior to the effective date of section 921.001(5) which provides that the extent of departure is no longer subject to judicial review. The amendment does not apply retroactively; Booker v. State, 514 So.2d 1079 (Fla.1987), hence, his sentence is subject only to the “abuse of discretion” standard adopted in Albritton v. State, 476 So.2d 158 (Fla.1985). We find no abuse of discretion.
AFFIRMED.
SCHOONOVER, A.C.J., and HALL, J., concur.