PARKER, Judge.
Frank Brown appeals his sentences which departed from the sentencing guidelines. We find both valid and invalid reasons for departure are present; therefore, it is necessary to reverse and remand for a new sentencing hearing.
Brown pleaded guilty to five felony charges and stipulated to a factual basis on each of the charges. These facts reveal that all of the crimes occurred within six days of each other.
On January 2, 1987, Brown committed the crime of robbery with a deadly weapon when he held a knife to a convenience store clerk, opened the cash register, and removed money. On January 3, 1987, Brown committed the crime of robbery with a deadly weapon by pulling a knife, grabbing a convenience store employee by the hair, and stealing money from the cash register. On January 7, 1989, Brown committed a robbery with a deadly weapon by demanding money from a victim, “cutting [the victim] slightly on the face,” threatening to kill the victim, and taking money and a gold chain. On that same date, Brown committed an aggravated assault upon Robert Craig when Craig chased Brown from the robbery and Brown lunged at Craig with the knife, attempting to cut Craig. On the same date, Brown committed another aggravated assault, again with a knife, where the victim was a convenience store clerk.
Brown’s presumptive sentence under the sentencing guidelines was five and one-half to seven years. The trial court departed upward, sentencing Brown to twenty years on the January 7 robbery and five years on each of the January 7 aggravated assaults to run concurrently to each other and to the robbery sentence. The trial court imposed a twenty-year sentence for the remaining two robberies, each sentence to be consecutive to the first sentence and consecutive to each other.
The trial court listed the following reasons for the upward departures at sentencing:
1. Circumstances of the offense, defendant slashed victim (Mr. Darling), cutting him on the face below the eyes (as to Jan. 1, 1987, armed robbery). Defendant used excessive force or violence in the circumstance of that armed robbery, as well as the armed robbery of Jan. 3, 1987, wherein he grabbed victim Linda Wright by the hair.
2. Timing of the offenses, in that they were committed at a time when he was wanted for escape.
3. Three armed robberies committed Jan. 3, Jan. 2, and Jan. 7, 1987, indicate that defendant had in fact engaged in a one-man crime spree.
The trial court’s second listed reason for departure, Brown’s escape status, is invalid. See Abt v. State, 528 So.2d 112 *745 (Fla. 4th DCA 1988), quashed on other grounds, 541 So.2d 614 (Fla.1989). Accord State v. Tyner, 506 So.2d 405 (Fla.1987) (departure sentence may not be based on previous crime for which the defendant has not been convicted). Also, the existence of charges pending in another county is an invalid reason for departure. Nodal v. State, 524 So.2d 476 (Fla. 2d DCA), review denied, 531 So.2d 1354 (Fla.1988).
The trial court’s first listed reason for departure encompasses both victim injury and excessive force. We do not need to address whether the stipulated facts of the crimes support a departure for excessive force and violence, because the record does support a finding of victim injury which is a valid reason for departure under the circumstances of this case, A review of the record reflects that no points were scored for victim injury on the sentencing guidelines scoresheet.* Victim injury may properly be used as a reason to depart from the guidelines when it has not already been factored into the guidelines score. Hayes v. State, 516 So.2d 318 (Fla. 2d DCA 1987); Ritts v. State, 491 So.2d 1252 (Fla. 2d DCA 1986). Upon remand, the trial court may choose to depart for this reason.
The trial court’s third reason for departure is also valid. The temporal proximity of crimes can be considered as a valid reason for departure if it can be shown “that the crimes committed demonstrate a defendant’s involvement in a continuing and persistent pattern of criminal activity as evidenced by the timing of each offense in relation to prior offenses and the release from incarceration or other supervision.” State v. Jones, 530 So.2d 53, 56 (Fla.1988). In addition to these five felonies occurring within six days, the record reflects that Brown had recently completed probationary terms where he was charged with theft.
Because the Brown’s departure sentence was grounded on both valid and invalid reasons and the state has failed to show beyond a reasonable doubt that the invalid reason did not affect the departure sentence, we must remand this case for resentencing. See Albritton v. State, 476 So.2d 158 (Fla.1985).
Reversed and remanded for resentenc-ing.
SCHEB, A.C.J., and RYDER, J„ concur.

 At the time Brown committed the earlier offenses, victim injury could be scored only if an element of the offense. See Fla.R.Crim.P. 3.701(d)(7) (1985 amendments). Victim injury is not an element of robbery. See Hayes v. State, 516 So.2d 318 (Fla. 2d DCA 1987). It should be noted that the 1987 amendment to this rule requires that victim injury be scored, if appropriate, for all crimes, even if the victim injury is not an element of the crime.