# STATE OF FLORIDA v KASS

## Case Nos. 89-31167, 90-1445, 90-14615

Eleventh Judicial Circuit, Dade County

April 20, 1990

### APPEARANCES OF COUNSEL

**Fred Kerstein, Esquire,** Assistant State Attorney, for plaintiff.
**Oscar Arroyave, Esquire,** for defendant.

### OPINION OF THE COURT

FRED MORENO, Circuit Judge.

### *SENTENCING ORDER*

THIS CAUSE came before the Court after pleas of guilty for grand theft (first degree), forgery, uttering a forged instrument in case number 90-14615; grand theft (first degree) in case number 89-31167;

and grand theft (second degree) in case number 90-1445. The sentencing guidelines call for 4-½ to 5-½ years. The Court imposes a 7 year sentence followed by 23 years probation on Count I of case number 90-14615, plus concurrent 5 year sentences for Counts II and III of the same information. On case number 89-31167 the defendant is sentenced to 7 years imprisonment, followed by 23 years probation, all concurrent with case number 90-14515. On case number 90-1445, the defendant is sentenced to 7 years imprisonment, followed by 8 years probation, all concurrent with the previous cases.

The incarceration sentence is within the permissible range of the guidelines. The subsequent probation term is within the statutory maximum. Such lengthy probationary period is to allow the defendant to provide the restitution she has offered to pay. The amounts ($164,-811; $406,380; and $30,589) are substantial requiring the lengthy probation. If full payment is made, the Court would terminate probation.

The period of probation, if deemed in excess of the guidelines, is appropriate due the fact that all offenses were committed within a short time and after she was advised of the violation of trust by the employing law firm. See Paschall v State, 538 So.2d 470 (2d DCA 1989), review denied, 545 So.2d 1368 (Fla. 1989). It is well settled that temporal proximity between the defendant's crimes are valid reasons for upward departure. Sabb v State, 479 So.2d 845 (1st DCA 1985); Brown v State, 549 So.2d 743 (2d DCA 1989); State v Jones, 530 So.2d 53 (Fla. 1988). Although many of the cases deal with crime sprees after release from prison, they are applicable to. a case such as this where the defendant, having been informed of the crime by the original trusting victim, committed the same type of crime twice. The defendant's actions demonstrate a continuing and persistent pattern of criminal activity.

In any event, the defendant's employment, in each separate case, shows that she violated the trust placed upon her. Such factor is not considered in the guidelines.

Furthermore, only a long probationary period will allow the victims to be compensated of the over $600,000 taken. The defendant and her prior attorney at the change of plea represented that her family and herself could obtain $150,000 to begin the restitution process in the first two cases. To delete the probation period would only make the statement "crime does not pay" a farce to the victims who suffered the loss.

The upward departure in the probation portion of the sentence is

218

further supported by the fact that this was a professional, planned, deliberate and repeated crime. She took advantage of her professional relationship as the office comptroller of the victim law firm (Sigfried, Kipnio, et al.). Mr. Sigfried at the sentencing hearing described the extent of the losses which caused the layoffs, thus expanding the number of victims. The planning regarding the other two cases was also evident from the testimony of the other victims present at the sentencing hearing. An added factor in the probation period after the incarceration is the way the defendant spent the money stolen from victims (Trips to New York, Aspen; owning a Maserati and a Porsche automobiles; renting a yacht for a party; purchasing jewelry, art work, and other luxury items, etc.). The Court has an obligation to protect other prospective employers from becoming victims of Ms. Kass in her continuing, persisting pattern of criminal activity.

Were an appellate court to find the added probationary period to be an invalid upward deviation, the guidelines sentence of 7 years will remain.

DONE AND ORDERED in Open Court, contemporaneously with the sentence pronouncement, this 20th day of April, 1990.