WOLF, Judge.
Wise appeals from a series of convictions and sentences imposed pursuant to entry of a plea. The appellant raises two issues on appeal: (1) Whether the trial court erred in sentencing the defendant outside the plea agreement and not expressly offering the defendant an opportunity to withdraw his plea, and (2) whether the trial court’s written reasons for issuing a departure sentence were insufficient. We find merit in issue II and direct the trial court to sentence appellant to a sentence within the guidelines. Since appellant’s reason for requesting to withdraw from the plea agreement concerns the trial court’s imposition of a departure sentence, in light of our disposition as to issue II, it is unnecessary for us to reach the first issue.
Appellant was sentenced on March 29, 1990, for seven charges arising from two informations. The first information was dated September 8, 1989, and contained seven counts. Three separate jury trials were held as to the charges in this information. Appellant was found guilty on six of the seven counts. The counts included various robberies and grand thefts which occurred at four separate convenience stores between July 12, 1989, and August 28, 1989. The second information containing one count was for armed robbery with a deadly weapon which occurred at a convenience store on July 13, 1989.
A plea agreement was entered into on March 20, 1990. There is some confusion as to the exact terms of the agreement. The state contends that appellant agreed to plead guilty to the charge in the second information and in return, the state would not seek to habitualize the defendant or to seek a departure sentence as to that particular charge. Appellant contends that the agreement not to habitualize or to seek a departure sentence applied to all charges awaiting sentencing.
During the original plea hearing, the defendant was told that the sentencing guidelines allowed for a sentence between 27 and 40 years as the recommended range. Prior to sentencing, it was determined that the original calculation was in error and that appellant was only subject to a guidelines sentence of 12 years. The judge stated that he understood the spirit of the plea agreement to be that the defendant would get a guidelines sentence on all charges, not just the one to which he was pleading. The trial court, however, sentenced appellant to seven concurrent sentences with the longest being thirty years in prison to be followed by 15 years’ probation plus a three-year mandatory-minimum prison term for possessing a firearm. The trial judge stated that although his upward departure from the sentencing guidelines was a technical violation of the plea agreement, in reality it should not be considered to be a violation since the appellant received a shorter sentence than he believed he could receive pursuant to the incorrectly calculated scoresheet.
In accordance with rule 3.701(b)(6), Florida Rules of Criminal Procedure, the judge in his oral and contemporaneous written reasons for departure stated as follows:
*778 The defendant engaged in a pattern of criminal activity which the court considers and characterizes as a ‘crime spree.’ The offenses were similar to each other, and they were related to each other in a temporal manner. Smith v. State, 532 So.2d 70 (Fla. 1st DCA 1988).
We feel that the trial court’s findings were insufficient. In State v. Jones, 530 So.2d 53, 55 (Fla.1988), the supreme court said, “If the trial court’s order fails to recite a specific pattern of criminal conduct, then a defendant’s pattern of criminal activity and the timing of the commission of the offense cannot constitute clear and convincing reasons for departure from the presumptive guidelines sentence.” In addition, both the Florida Supreme Court and this court have determined that a crime binge cannot be a clear and convincing reason for a departure where each crime is scored as a primary offense and is already calculated in determining the guidelines sentence. State v. Simpson, 554 So.2d 506, 509 (Fla.1989), rev. denied, 574 So.2d 143 (Fla.1990); Smith v. State, 532 So.2d 70, 71 (Fla. 1st DCA 1988).
In the instant case, the judge does not recite which offenses he considered in making the determination to issue a departure sentence. While the state argues that the temporal proximity of several offenses in the PSI would justify a departure, it appears from the record that the judge relied on the instant offenses (the “crime spree” or “crime binge”) in order to issue a departure sentence. These offenses were primary offenses utilized in calculating the instant scoresheet. Thus, the departure sentence was not properly imposed. Simpson, supra; Jones, supra; Smith, supra. The sentence is, therefore, vacated and the case is remanded for the trial judge to issue a sentence within the sentencing guidelines. Pope v. State, 561 So.2d 554 (Fla.1990).
ZEHMER and BARFIELD, JJ., concur.