ERVIN, Judge.
Davis appeals from a sentence imposed outside of the sentencing guidelines. We reverse and remand for resentencing.
Davis was charged by information with burglary of a structure and aggravated battery. Following a jury trial, Davis was found guilty of the lesser included offenses of burglary of a dwelling and simple battery. A guidelines scoresheet was prepared, recommending Qk-£k years imprisonment.[1]
At the sentencing proceeding, the trial court departed from the recommended range, sentencing appellant to ten years on the burglary count and one year on the battery count, to run concurrently with the *304 burglary sentence. The reasons orally given for the departure were the following:
The court has exceeded the guidelines because the defendant’s extensive prior record of felonies and demonstration of violent propensities in the commission of this felony indicates an inadequacy of the guidelines; and the limitations of the guidelines are found to be totally inappropriate and inadequate to approach a just disposition.
The court thereafter set out its written reasons for the departure, stating:
[I] [h]ave exceeded guidelines because of defendant’s extensive prior record of felonies and a demonstration of his violent propensities in the commission of these felonies. The guidelines are totally inappropriate and inadequate to approach a just disposition.
As written reasons for departure, the court apparently relied exclusively on the nature and extent of Davis’s prior convictions which had already been taken into account in determining the presumptive sentence under the guidelines.' This was error. A defendant’s prior criminal convictions may not be considered as a reason for departure from the guidelines, if such record has already been factored into the presumptive sentence. Hendrix v. State, 475 So.2d 1218 (Fla.1985).
We observe that at the sentencing proceeding, the lower court orally found appellant’s violent propensities during the commission of the instant offenses to be a reason for departure from the guidelines. We have consistently found such reason as a valid authorization to depart from the guidelines. Scurry v. State, 472 So.2d 779 (Fla. 1st DCA 1985); Garcia v. State, 454 So.2d 714, 717 (Fla. 1st DCA 1984); Johnson v. State, 462 So.2d 49, 50 (Fla. 1st DCA 1984) (“Such conduct was a sufficient reason for departure from the presumptive guideline sentence, and was properly considered, in accordance with Rule 3.701(b)(3), as ‘circumstances surrounding the offense.’ ”). However, since this justification for departure was not in writing, we may not consider it,[2] and are compelled to reverse and remand. See Jackson v. State, 454 So.2d 691 (Fla. 1st DCA 1984).
Reversed and remanded for resentenc-ing.
JO ANOS and BARFIELD, JJ., concur.

. It should be observed that the court improperly assigned appellant 20 points for prior convictions for category 5 offenses. The trial court should have included only ten points for two prior convictions for category 5 offenses. Apparently the court improperly included two pri- or juvenile burglary convictions. See Florida Rule of Criminal Procedure 3.701(d)(5)(c). A corrected scoresheet would have yielded 91 points, which is still within the original recommended range of 3 ½ to 4‘/2 years imprisonment.

. Even if we were allowed to consider appellant’s violent propensities in the commission of this offense as a reason to depart, we would still be constrained to reverse and remand since we cannot conclude beyond a reasonable doubt, based on the record and briefs before this court, that the absence of the invalid reason — use of prior convictions already computed in.the presumptive sentence — would not have affected the departure. Albritton v. State, 476 So.2d 158 (Fla.1985).