492 So.2d 475 (1986)
Leroy S. FRANCIS, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1325.
District Court of Appeal of Florida, Fourth District.
August 13, 1986.
*476 R.H. Bo Hitchcock of Hitchcock & Cunningham, P.A., Fort Lauderdale, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard G. Bartmon, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Leroy Samuel Francis was charged in a three-count information with trafficking in cocaine, possession of a firearm during the commission of a felony, and carrying a concealed firearm. Mr. Francis was acquitted of these charges, but convicted of the lesser-included offense of attempted trafficking in cocaine. Mr. Francis appeals his thirteen-year prison sentence on various grounds, but we need discuss only whether the trial court impermissibly departed from the recommended guidelines sentence.
One of the reasons the trial court improperly aggravated the sentence of defendant was for using more force than necessary to commit the offense. The jury rejected any charges involving the use of a firearm, and the appellant was not charged with resisting arrest with violence or battery upon a law enforcement officer. The Rules of Criminal Procedure state that "[r]easons for deviating from the guidelines shall not include factors relating to the instant offenses for which convictions have not been obtained," Florida Rule of Criminal Procedure 3.701(d)(11), and Banzo v. State, 464 So.2d 620, 621-22 (Fla. 2d DCA 1985), holds that "[c]harges arising from the same criminal episode which are not filed cannot be used as reasons for departure." Thus, neither the appellant's possession of a firearm nor his alleged acts of violence upon arrest were proper reasons for aggravating the appellant's sentence.
Another reason used by the trial judge to depart from the recommended guidelines sentence was the emotional trauma inflicted upon the police officers. While a victim's extreme psychological trauma can be a valid basis for aggravating a sentence, see, e.g., Green v. State, 455 So.2d 586 (Fla. 2d DCA 1984) (assailant repeatedly telling victim he was going to kill her), such is not the case here. The policemen in our case were accustomed to the stress and pressure of working undercover on drug cases. Furthermore, there was no evidence presented that the policemen suffered any psychological trauma as a result of this criminal incident.
The trial judge also aggravated the sentence of the defendant because he found that the defendant had frequently possessed weapons and had a propensity for violence. While the use of violence during the commission of the present offense is a valid reason for departure, Davis v. State, 476 So.2d 303 (Fla. 1st DCA 1985), the "frequent possession of weapons" reason relates impermissibly to previous convictions which should have already been factored into the guidelines sentence. See Hendrix v. State, 475 So.2d 1218 (Fla. 1985). Therefore, appellant's possession of weapons during previous crimes was an improper basis for departure.
We thus find that three of the ten reasons given by the trial judge for departure were impermissible. As the State has not proven beyond a reasonable doubt that the invalid reasons would not have affected the sentence, we remand this case for resentencing in conformity with this opinion. Albritton v. State, 476 So.2d 158 (Fla. 1985).
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
DOWNEY, ANSTEAD and GUNTHER, JJ., concur.