496 So.2d 880 (1986)
George BASS, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1315.
District Court of Appeal of Florida, Second District.
October 15, 1986.
James Marion Moorman, Public Defender, and John T. Kilcrease, Jr., Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
*881 PER CURIAM.
The appellant, George Bass, argues that the trial court erred in sentencing him. We affirm in part and reverse in part.
On February 6, 1985, appellant was charged with burglary, a violation of section 810.02, Florida Statutes (1985), and battery, a violation of section 784.03, Florida Statutes (1985). One day later, appellant was charged with grand theft, a violation of section 812.014, Florida Statutes (1985). Appellant filed a pretrial motion to consolidate the grand theft case with misdemeanor traffic offenses arising from the same transaction. The motion was granted. The burglary and battery charges were not consolidated.
After a jury trial was held on the consolidated charges, appellant was found guilty of grand theft and of the misdemeanor traffic offenses. Appellant's sentencing guidelines scoresheet called for community control or twelve to thirty months incarceration. The trial court filed written reasons for departure and sentenced appellant to five years imprisonment on the grand theft charge and concurrent terms of sixty days imprisonment on each of the misdemeanor charges.
At the same hearing, subsequent to sentencing on the consolidated charges, appellant entered a motion to withdraw not guilty pleas on the burglary and battery charges and to enter pleas of nolo contendere with the understanding that he would not be sentenced to more than five years to be served concurrently with the sentences on the consolidated charges. The court accepted the plea, adjudicated appellant guilty of burglary and battery, and sentenced appellant to five years imprisonment on the burglary charge and one year on the battery charge to be served concurrently with each other and with the consolidated charges. The appellant timely appealed both sentences.
Appellant first contends that the trial court erred in sentencing him on the grand theft charge because the court based its departure upon invalid reasons. We find that, of the five reasons we can discern in the court's written order, only one reason was valid, i.e., that the appellant had been released from prison shortly (six weeks) before the commission of the instant offense. See Jean v. State, 455 So.2d 1083 (Fla. 2d DCA 1984); Palmer v. State, 489 So.2d 226 (Fla. 5th DCA 1986). Since the state has not shown that the absence of the invalid reasons would not have affected the departure sentence, we must reverse for resentencing. Albritton v. State, 476 So.2d 158 (Fla. 1985). In order to provide some guidance at resentencing, we set forth our reasons for finding the four remaining reasons invalid.
First, the mere similarity of the crimes to appellant's prior record is not a valid reason for departure. See Hendrix v. State, 475 So.2d 1218 (Fla. 1985); Baker v. State, (Fla. 1st DCA 493 So.2d 515, 1986); see also, Riggins v. State, 489 So.2d 180 (Fla. 1st DCA 1986); Dorado v. State, 482 So.2d 561 (Fla. 2d DCA 1986); Parsons v. State, 491 So.2d 1247 (Fla. 2d DCA 1986).
Second, the court found significant the number of crimes appellant had been arrested for since May, 1983. Prior arrests may not be used to depart from the guidelines when there has been no finding of guilt as a result of the arrests. Weems v. State, 469 So.2d 128 (Fla. 1985).
Third, the court's statement that appellant had apparently become an irretrievable criminal was an invalid reason because the court may not base a reason of departure on an apparent finding that the defendant is an habitual offender without providing the procedural safeguards required by the habitual offender statute. Williams v. State, 490 So.2d 1026 (Fla. 1st DCA 1986).
Finally, the court stated that the appellant endangered the lives of many people by reason of a high speed chase. Although evincing a flagrant disregard for the safety of others is a valid reason for departure, Scurry v. State, 489 So.2d 25 (Fla. 1986), such conduct in this case constituted a charge arising from the same criminal *882 episode which was not filed against the appellant. Section 316.192, Florida Statutes (1985) provides that "any person who drives a vehicle in wilful or wanton disregard for the safety of persons or property is guilty of reckless driving." This reason therefore was also invalid. See Banzo v. State, 464 So.2d 620 (Fla. 2d DCA 1985); see also, Francis v. State, 492 So.2d 475 (Fla. 4th DCA 1986). We note that this court has previously certified to the supreme court the question whether the trial court is permitted to consider any facts relating to the instant offense as a basis for departure if such factors would have subjected the defendant to prosecution for a crime of which he has not been convicted. Tyner v. State, 491 So.2d 1228 (Fla. 2d DCA 1986).
At resentencing, the trial court must employ a correct scoresheet. It appears that the appellant was assessed thirteen points for two prior convictions instead of eleven points, which would have resulted in a total of thirty-six points and a recommended guidelines sentence of any nonstate prison sanction. Without knowing the presumptive sentence under the guidelines, the court is without sufficient information to decide whether to depart from the guidelines. See Parker v. State, 478 So.2d 823 (Fla. 2d DCA 1985); see also, Davis v. State, 493 So.2d 82 (Fla. 1st DCA 1986).
Appellant also argued that the trial court erred in sentencing him to five years on the burglary charge to be served concurrently with the grand theft and misdemeanor sentences. The presumptive guidelines sentence for the burglary and battery charges was three and one-half to four and one-half years imprisonment. We find that the departure was warranted because a plea bargain specified the permissible sentence. Bell v. State, 453 So.2d 478 (Fla. 2d DCA 1984). The sentence for the battery charge was not a departure from the presumptive range, but even if it had been, it also would have been permissible because of the plea bargain. Bell.
We, therefore, reverse appellant's sentences for the grand theft and misdemeanor charges and remand for resentencing. At resentencing a proper scoresheet must be prepared. We affirm appellant's sentences for the burglary and battery charges.
Reversed and remanded.
DANAHY, C.J., and SCHOONOVER and SANDERLIN, JJ., concur.