506 So.2d 405 (1987)
STATE of Florida, Petitioner,
v.
Ronald Eugene TYNER, Respondent.
No. 69192.
Supreme Court of Florida.
May 7, 1987.
Robert A. Butterworth, Atty. Gen., and Gary O. Welch, Asst. Atty. Gen., Tampa, for petitioner.
Dennis J. Rehak, Fort Myers, for respondent.
BARKETT, Justice.
We have for review Tyner v. State, 491 So.2d 1228 (Fla. 2d DCA 1986), in which the district court certified the following as a question of great public importance:
Is the court permitted to consider any factors relating to the instant offense as a basis for departure from the guidelines if such factors would have subjected the defendant to prosecution for a crime of which he has not been convicted?
*406 Id. at 1230. We have jurisdiction, art. V, § 3(b)(4), Fla. Const., and answer the certified question in the negative.
Tyner was charged by indictment with two counts of first-degree murder and one count of armed burglary. Tyner filed a motion to dismiss the two murder counts pursuant to Florida Rule of Criminal Procedure 3.190(c)(4).[1] For purposes of the motion to dismiss, the parties stipulated to the following facts: Tyner conspired to commit a burglary with Michael Hall. Tyner was present when Hall borrowed a gun. Tyner was told that no one would be present in the home at the time of the burglary. Tyner drove Hall to the scene of the burglary, dropped him off, and immediately drove over a half mile away where he waited for Hall to complete the burglary. Hall alone entered the house and killed the two people inside.
The trial court granted Tyner's motion to dismiss the murder counts. Tyner was subsequently found guilty of the remaining charge of armed burglary. The trial court exceeded the guidelines range because:
Past record indicates that Defendant is a professional criminal who will prey upon society whenever he is at liberty. Additionally as a direct result of the armed burglary two persons were killed.
On appeal, the Second District reversed the departure sentence, finding both reasons invalid.[2] In rejecting the second reason advanced for the departure, the Second District concluded that even though the murders occurred as a direct result of the burglary, Florida Rule of Criminal Procedure 3.701(d)(11) precludes consideration of this factor as an adequate justification for departure because Tyner had not been found guilty of those crimes.
We concur with the district court's reasoning. Rule 3.701(d)(11) limits a judge's authority to aggravate or mitigate sentences and explicitly addresses the issue before us. It states:
Reasons for deviating from the guidelines shall not include factors relating to prior arrests without conviction. Reasons for deviating from the guidelines shall not include factors relating to the instant offenses for which convictions have not been obtained.
This language is plain. Judges may consider only that conduct of the defendant relating to an element of the offense for which he has been convicted. To hold otherwise would effectively circumvent the basic requirement of obtaining a conviction before meting out punishment.
In this case, consideration of the murders in sentencing for the armed burglary would result in an egregious violation of due process because the defendant has already been acquitted of the murders. It is well settled that dismissal of a criminal charge based on stipulated facts reflects a conclusion by the judge that the evidence is insufficient to convict the defendant of that charge. It is equally well settled that a judge may not utilize facts to depart unless those facts have been proved beyond a reasonable doubt. State v. Mischler, 488 So.2d 523 (Fla. 1986). A determination that the facts are insufficient to establish a prima facie case of guilt against the defendant cannot coexist with a determination that the defendant is guilty beyond a reasonable doubt for the crimes charged. Moreover, a determination of guilt by the judge at this stage impermissibly denies the defendant his right to a jury trial.
We likewise cannot accept the state's alternative argument based upon the contention that the facts presented at the trial were different from those stipulated for purposes of the motion to dismiss. The state argues that had the new facts been known, the trial court would not have granted the dismissal. We know of no authority, and the state cites none, that would permit a court to revisit at this juncture in the proceedings a dismissal of criminal *407 charges under Rule 3.190(c)(4). The state's plea for consideration of the homicides comes too late and in the wrong forum. This is not an appeal of the trial court's order of dismissal. The state chose to proceed to trial on the burglary charge rather than appeal the dismissal, refile the murder charges, or make any other effort to rectify the dismissal.
Accordingly, we approve the decision of the district court below.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW and KOGAN, JJ., concur.
NOTES
[1] Rule 3.190(c)(4) provides for dismissal on the grounds that "[t]here are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant."
[2] We need address only the issue presented by the certified question.