PER CURIAM.
The trial court deviated from the sentencing guidelines in sentencing appellant upon remand from this court. See Francis v. State, 492 So.2d 475 (Fla. 4th DCA 1986). While it is likely that the trial court may have used some of the reasons mentioned in Francis, the trial court did not furnish written reasons for the departure as required by Hankey v. State, 505 So.2d 701 (Fla. 5th DCA 1987); Tyson v. State, 504 So.2d 791 (Fla. 4th DCA 1987); Dogues v. State, 499 So.2d 7 (Fla. 4th DCA 1986).
Moreover, the record on appeal only contains the transcript of the resentencing hearing. Thus we are unable to determine what reasons the trial court employed to justify departure and we are unable to determine if any given reason is supported by the record.
We reverse and remand with instructions to enter written reasons justifying the departure from the sentencing guidelines. If the sentence is appealed to this court, a sufficient record must be supplied so that it may be determined if the reasons assigned are supported.
REVERSED and REMANDED.
HERSEY, C.J., and WALDEN and STONE, JJ., concur.