515 So.2d 1358 (1987)
Leonel CAMPOS, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-2641.
District Court of Appeal of Florida, Fourth District.
December 2, 1987.
*1359 Peter Birch of Birch & Rolle, P.A., West Palm Beach, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Barry Weisman, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
After appellant's conviction, the trial judge originally sentenced appellant to sixty days on each of four counts of simple assault, fifteen years on each of two counts of shooting at an occupied vehicle, life imprisonment on each of four counts of robbery with a firearm and five years on each of eight counts of aggravated assault with a firearm. All sentences were to run concurrently. *1360 The recommended guidelines sentence was from 5 1/2 to 7 years incarceration.
Pursuant to the mandate of this court entered on June 13, 1986, the defendant's sentence was reconsidered. The opinion of this court specifically held the departure to be too drastic. We directed the trial court to reconsider whether it should depart from the guidelines; if so, the separate grounds therefor, and the extent of departure. On October 7, 1986, the appellant was resentenced to forty years on each count of robbery with a firearm and fifteen years on each count of shooting at an occupied vehicle. All sentences are to run concurrently. It is from the October 1986 sentencing order that the defendant now appeals. The defendant was not resentenced for simple assault nor aggravated assault with a firearm since the original sentences on these counts were consistent with the guidelines.
The facts of this case are as follows: On July 19, 1984, appellant and another man entered First Federal Savings and Loan Association of Lake Worth in Boynton Beach, Florida, in disguise and armed with handguns. After ordering at gunpoint various employees out of the lounge area, all employees and customers were ordered to lie on the floor. Appellant then grabbed one of the tellers and had her accompany him as he took money from four of the bank's cash drawers. Appellant and his accomplice thereafter fled the bank with approximately $26,000. A Boca Raton police officer hearing the description of the vehicle pulled behind the vehicle on I-95. Appellant's vehicle did not stop and a 70 to 80 mile per hour pursuit commenced with sirens and blue lights in use. An additional police car joined the pursuit. The defendant fired a semiautomatic rifle at the two police cars and struck one of the vehicles. The remaining vehicle continued in pursuit at speeds in excess of 110 miles per hour. Another police officer was fired at as he stood along I-95 but was not struck. Appellant and his accomplice were apprehended in Broward County when their car became stuck in the sand.
The trial court based the departure from the sentencing guidelines upon these reasons:
1. The defendant was convicted of multiple contemporaneous offenses during his "crime binge" and "two-man crime wave."
2. The defendant personally created an extreme risk to the physical safety of law enforcement officers and innocent citizens by firing several shots from an Uzi semiautomatic rifle at pursuing police officers during the high speed chase in heavy traffic on I-95 at speeds over 100 miles per hour, setting this case apart from the "ordinary" robbery.
The appellant concedes that the trial court's second reason is a valid reason for departure. See Scott v. State, 508 So.2d 335 (Fla. 1987) and Garcia v. State, 454 So.2d 714 (Fla. 1st DCA 1984).
The trial court's first reason for departure is not supported by the evidence. All of the events which ensued in this case were the result of a continuous episode rather than a series of similar offenses over a duration of days or even months, making it distinguishable from cases such as Manning v. State, 452 So.2d 136 (Fla. 1st DCA 1984); Snelling v. State, 500 So.2d 328 (Fla. 1st DCA 1986); Sabb v. State, 479 So.2d 845 (Fla. 1st DCA 1985); and Paschall v. State, 501 So.2d 1370 (Fla. 2d DCA 1987). We therefore conclude that the trial court has stated one valid reason for departure and a second reason which is invalid as applied to the facts of this case.
The trial court included in its order language to the effect that it would depart from the guidelines for either reason given and that if one of the reasons is found to be insufficient to support departure, the court is nevertheless of the opinion that the surviving reason is sufficient to support the departure. Since the trial court's order, the Florida Supreme Court has ruled that such a statement standing alone is insufficient to satisfy the test established by Albritton v. State, 476 So.2d 158 (Fla. *1361 1985). See Griffis v. State, 509 So.2d 1104 (Fla. 1987). Accordingly, under Albritton, the state must still show beyond a reasonable doubt that the absence of the invalid reason would not have affected the departure sentence.
The state has clearly demonstrated that the trial court would have departed from the guideline sentence without the existence of the invalid reason. The state has not, however, demonstrated by the entire record beyond a reasonable doubt that the sentence would have been the same without the impermissible reason.
The appellant further contends that the trial court abused its discretion by the extent to which it exceeded the recommended guideline sentence. The state asserts that the extent of departure in this case is not subject to appellate review. We agree with appellant.
On July 9, 1986, section 921.001(5), Florida Statutes was amended to include the following language:
The extent of departure from a guideline sentence shall not be subject to appellate review.
Under this section a defendant has the right to have his departure sentence vacated on appeal because of improper reasons, but can no longer have it vacated on appeal because of the extent of departure, as long as the sentence is within the statutory maximum. In Miller v. Florida, ___ U.S. ___, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987), the United States Supreme Court determined that the amended sentencing guidelines are substantive in that they affect the duration of a defendant's sentence and cannot be applied retroactively. Likewise, an amendment to the statute restricting a defendant's right to appellate review may affect the duration of a defendant's sentence, thus disadvantaging the defendant and affecting his substantive rights. Accordingly, the statute cannot be applied retroactively.
Under Albritton, the proper standard of review of the extent of departure is whether the trial court abused its discretion. An appellate court reviewing a departure should look to the guidelines sentence, the extent of the departure, and the record to determine if the departure is reasonable. In this case the forty year sentence imposed was one cell downward from the maximum sentence of life which could be imposed. It is a six cell upward departure from the recommended sentence of 5 1/2 to 7 years.
At the sentencing hearing, the trial judge stated that appellant was a passive person who would be a model prisoner and had no prior record. The judge expressed regret that parole had been abolished and also stated a general dissatisfaction with sentencing guidelines. Such statements have been addressed by the Florida Supreme Court since the trial court's sentencing hearing in Scott v. State. See also Williams v. State, 492 So.2d 1308 (Fla. 1986). The extent of the departure imposed by the trial court in this case is excessive.
The intent and purpose of the sentencing guidelines was to limit unwarranted deviation in sentencing and lessen the inequities caused by wide disparity. The court should therefore be mindful of that purpose when deviating for a valid reason in the exercise of its discretion. See Manning.
Accordingly, we reverse and remand with directions for the trial court to resentence appellant. The court should give consideration to the valid reason it gave for departure, the extent to which departure is appropriate, as well as to the surrounding facts and circumstances of this case and the recommended guideline sentence.
The trial court cited Garcia as a basis for departure. Due to its factual similarities, that same case might be of some assistance to the trial court in evaluating the appropriate and reasonable extent of departure. The court is not, however, limited in its discretion by any specific sentence imposed in that case.
REVERSED AND REMANDED, WITH DIRECTIONS.
*1362 DOWNEY and GUNTHER, JJ., and VITALE, LINDA L., Associate Judge, concur.