PER CURIAM.
This is an appeal from a conviction and sentence entered after a two-month trial involving certain white-collar crimes stemming from appellant’s operation of United Precious Metals, Inc. (UPM), a company in the business of selling precious metals between 1981 and 1983. During its two years of operation losses of customer money of over eleven million dollars were sustained by UPM; the business filed for bankruptcy in 1983.
On October 27, 1986 and December 29, 1986, appellant was charged with 1) one count of racketeering (RICO); 2) one count of conspiracy to commit RICO; 3) one count of “organized fraud”; 4) fourteen counts of first degree grand theft; 5) forty-eight counts of grand theft; 6) twenty-three counts of selling unregistered securities; 7) twenty-three counts of selling securities by an unregistered dealer; and 8) twenty-three counts of selling fraudulent securities. See §§ 895.02, 895.03(4), 812.-014, 517.07, 517.12 and 517.301, Fla.Stat. On March 11, 1987, after jury trial, appellant was convicted of 1) RICO; 2) organized fraud; 3) twelve counts of first degree grand theft; 4) thirty counts of grand theft; 5) seventeen counts of selling unregistered securities; 6) seventeen counts of selling securities by an unregistered dealer; and 7) seventeen counts of selling fraudulent securities.
Appellant was initially sentenced March 26, 1987 to a total of five hundred seventy five years incarceration for those offenses occurring prior to the institution of the sentencing guidelines in 1983, to a consecutive sentence of ten years’ incarceration pursuant to the guidelines in effect in 1987, and to a concurrent sentence of thirty years’ probation on the racketeering and organized fraud counts. Appellant filed his initial notice of appeal on March 27, 1987.
On June 9, 1987, the United States Supreme Court issued its decision in Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987), holding that defendants in Florida must be sentenced under the guidelines in effect at the time of their crime rather than the time of sentencing. Whereupon, appellant requested this court to relinquish jurisdiction so he could be resentenced under the 1983 version of the sentencing guidelines. He was resen-tenced under the 1983 guidelines and received a recommended sentence range of four and a half to five and a half years incarceration. The trial court sentenced him to a guidelines departure sentence of fifty years imprisonment, thirty years probation and fines and restitution. We affirm the convictions without discussion, but reverse the sentence and remand for resen-tencing.
Of the individual reasons given by the trial court for departure, we conclude that only the first is valid; namely, the eight second-degree felonies and seventy-seven third-degree felonies not scored' on the scoresheet. See Russell v. State, 458 So.2d 422 (Fla. 2d DCA 1984), approved, 472 So.2d 466 (Fla.1985).
We further conclude that the fifty-year sentence was an abuse of discretion, and note that we have previously rejected sentences six times the recommended score in Campos v. State, 515 So.2d 1358 (Fla. 4th DCA 1987), and five *629 times the recommended score in McBride v. State, 477 So.2d 1091 (Fla. 4th DCA 1985).[1]
GLICKSTEIN, WALDEN and WARNER, JJ., concur.

. On July 26, 1986, section 921.001(5), Florida Statutes, was amended. The amendment restricted a defendant’s right to appellate review of his sentence to improper reasons only, rather than extent of departure also. This does not affect our decision herein because retroactive application of the amendment is prohibited. Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351; Campos v. State, 515 So.2d 1358.