WOLF, Judge.
Barr appeals from a judgment and sentence after a conviction for armed robbery of a motor vehicle. Appellant contends that his departure sentence was invalid because it was based on criminally punishable conduct for which he was not convicted. The record clearly shows that the departure was based on appellant’s conduct surrounding his apprehension for the armed robbery. Because this conduct endangered the lives of many innocent persons and demonstrated a flagrant disregard for the safety of others, it constituted a clear and convincing reason for departure.
Appellant was charged by information with the November 24, 1993, armed robbery of a motor vehicle from Patricia Maddox, and with possession of a firearm by a convicted felon. The charges were severed and the robbery charge proceeded to trial.
Evidence was presented at the March 22, 1994, trial that appellant approached the victim as she pulled into the parking lot at Southern Bell Tower in Jacksonville, and that he took her car after showing her a pistol he had hidden under his coat. The victim immediately reported the theft. A Jacksonville police officer spotted the stolen car, and when he attempted to pull the car over, appellant fled. The chase occurred when traffic was heavy — it was 8:00 a.m. rush-hour traffic, and speeds exceeded 125 miles per hour. Appellant made several illegal U-turns and almost caused several accidents during the chase. The jury convicted appellant on the robbery charge.
On March 23, 1994, the state filed a notice of intent to seek a departure above the recommended sentencing guidelines range as a result of the unreasonable risk to others created by the defendant.
On March 29, 1994, appellant was sentenced to 25 years in prison, which was an upward departure from the guidelines. (Appellant’s recommended guideline sentence was seven to nine years, and the permitted range was 5½ to 12 years). A three-year mandatory-minimum was imposed for use of a firearm. After hearing argument from the state and appellant, and testimony from the officer Smith about the car chase, the court entered a written departure order. The court’s reasoning for the departure was that appellant displayed a flagrant disregard for the safety of others. According to the court, appellant’s reckless driving during the course of the chase with the police exposed numerous innocent citizens to serious harm.
In Garcia v. State, 454 So.2d 714 (Fla.1st DCA 1984), this court specifically determined that a defendant who leads police on a high-speed chase, shoots at the police, and who is involved in a wreck during a high-speed chase, may receive a departure sentence based on his conduct during the chase. (In accord Ward v. State, 568 So.2d 452 (Fla. 3d DCA 1990), a defendant whose conduct puts many people at risk may receive a departure sentence). In Miller v. State, 549 So.2d 1106 (Fla. 2d DCA 1989), reversed on *1177 other grounds, 573 So.2d 337 (Fla.1991), the second district upheld a departure sentence based on the defendant knowingly creating a great risk of injury or death to a large number of persons. In that case, the police began pursuing the defendant on a tip that he was selling batteries from his car and a high-speed chase ensued. The defendant traveled south in a northbound lane of traffic at speeds between 50 and 80 miles per hour. Traffic was forced to swerve off the road, and the defendant’s car collided head-on with another car.
In Campos v. State, 515 So.2d 1358, 1360 (Fla. 4th DCA 1987), the fourth district acknowledged that the conduct of a defendant “who personally created an extreme risk to the physical safety of law enforcement officers and innocent citizens by firing several shots from a Uzi semi-automatic rifle at pursuing police officers during the high-speed chase in heavy traffic on 1-95 at speeds over 100 miles per hour setting the case apart from the ordinary robbery” would justify an upward departure from the sentencing guidelines.
Appellant urges us, however, to depart from this line of cases and hold that a high-speed chase which endangers the lives of a large number of people should not constitute a valid reason for a departure sentence because the defendant was not charged and convicted of reckless driving. Appellant, at least partially, relies on the case of Felts v. State, 537 So.2d 995 (Fla. 1st DCA 1988), decision approved, 549 So.2d 1373 (Fla.1989), for this proposition. Appellant’s position is not well taken for several reasons.
First, there is no indication in the Felts opinion that the defendant endangered anyone other than himself and his fellow passenger. The Felts opinion is silent about the nature of the area where the high-speed chase occurred, the time of day the chase occurred, and whether there were any other vehicles or people on the streets at the time the chase ensued. While the opinion stated that the reason given for the departure was the unnecessary danger to many persons, it cannot be determined if this allegation was supported by the record. Indeed, as the fifth district stated in Strawn v. State, 576 So.2d 877, 879 (Fla. 5th DCA 1991), while placement of a substantial number of bystanders at risk during the commission of a robbery constitutes a valid reason for departure, where the record fails to support such an allegation, a departure sentence could not be upheld.
In the instant case, the facts demonstrate that chase occurred on busy thoroughfares during rush hour, several accidents almost occurred, and appellant’s behavior posed a direct threat to a substantial number of people. In addition, in Felts, supra, the uncharged crimes would include not only reckless driving but also vehicular homicide based on the death of the passenger (who was the only person who can be shown to have been endangered from the facts recited in the opinion). Thus, all the factors justifying the departure in Felts were inherent in the uncharged offenses. In the instant case, the only charge that appellant argues which could have been brought as a result of the high-speed chase was reckless driving.[1] Clearly, it is neither an element of the offense of reckless driving nor an inherent factor in a reckless driving charge that a large or numerous number of people be exposed to serious harm.
The judgment and sentence are, therefore, affirmed.
MINER, J., concurs.
ERVIN, J., dissenting with written opinion.

. Even if other charges could have been brought, we are unaware of any offense where it is an inherent factor of the offense that a large group of people’s lives were endangered.