ERVIN, Judge,
dissenting.
Because I consider that the sole reason given for the upward departure sentence imposed on appellant is invalid under Florida Rule of Criminal Procedure 3.701(d)(ll), as it is a factor relating to the instant offense for which he was not convicted, i.e., reckless driving, I respectfully dissent.
Appellant was convicted of armed robbery of a motor vehicle. The recommended guide *1178 line sentence was seven to nine years and the permitted guideline sentence was 5½ to 12 years in prison. The court imposed an upward departure sentence of 25 years and gave as its sole reason for departure appellant’s “flagrant disregard for the safety of others,” as evidenced by his flight from the police to avoid capture and his reckless driving which exposed numerous citizens to serious harm. As the majority points out, evidence was presented disclosing that appellant led the police on a high speed chase on a busy interstate highway. Speeds exceeded 125 mph; appellant made several illegal U-turns and nearly caused several accidents during the pursuit.
I consider that reversal is required under Felts v. State, 537 So.2d 995, 997-98 & n. 7 (Fla. 1st DCA 1988), approved, 549 So.2d 1373 (Fla.1989). In Felts, the defendant was convicted of armed robbery, and a departure sentence was imposed, partly because he drove the victim’s car at excessive speeds in an attempt to elude the authorities, resulting in an accident which killed an accomplice. The state argued that the defendant’s high speed flight from the pursuing officers constituted an extreme risk to the physical safety of both citizens and law enforcement officers, that such conduct was not inherent in the offense of robbery, and that it could support departure as it was not factored in the scoresheet. Therefore, the state contended that the court could lawfully depart from the guidelines based on circumstances surrounding the offense, and it cited Garcia v. State, 454 So.2d 714 (Fla. 1st DCA 1984). This court, relying on Williams v. State, 500 So.2d 501 (Fla.1986), and State v. Tyner, 506 So.2d 405 (Fla.1987), held that the departure reason given was invalid, because it involved circumstances surrounding the offense for which a conviction was not obtained. Accord Bass v. State, 496 So.2d 880, 881-82 (Fla. 2d DCA 1986) (rejecting as a valid departure reason the fact that the defendant had endangered the lives of many people during a high speed chase, because such conduct constituted a charge arising from the same criminal episode which was not filed against the defendant, i.e., reckless driving).
Rather than follow the above case law, the majority chooses instead to follow Garcia. Garcia, however, was decided before the two supreme court decisions cited in Felts, namely, Williams and Tyner, both of which held that rule 3.701(d)(ll) prohibits departure sentences based on reasons relating to the instant offense for which convictions have not been obtained.[2]
The other cases the majority cites, Campos v. State, 515 So.2d 1358 (Fla. 4th DCA 1987), and Miller v. State, 549 So.2d 1106 (Fla. 2d DCA 1989), rev’d on other grounds, 573 So.2d 337 (Fla.1991), merely cite Garcia or Scurry v. State, 489 So.2d 25 (Fla.1986) (finding that conduct evincing flagrant disregard for the safety of others may be a valid reason for departure). These cases do not mention the rule applied in Williams and Tyner.
Because Garcia was decided prior to Williams and Tyner, and because Campos and Miller do not refer to these two supreme court decisions, I consider the better course is to follow Felts, which clearly applied the precedent established in the two supreme court decisions. In so saying, I note that cases which have upheld departure sentences based on conduct evincing flagrant disregard of the safety of others involve situations where the conduct could not be separately charged as another crime. See, e.g., Burgess v. State, 524 So.2d 1132 (Fla. 1st DCA 1988) (upholding departure based on flagrant disregard for safety of others where defendant shot two victims who were standing in an alley while three bystanders stood nearby); *1179 Webster v. State, 500 So.2d 285 (Fla. 1st DCA 1986) (approving departure based on flagrant disregard for the safety of others where defendant shot the victim outside a nightclub in the presence of 30 to 40 witnesses, and there was evidence that one witness was within three feet of the victim).
In the case at bar, appellant clearly could have been charged with reckless driving, which is defined in section 316.192(1), Florida Statutes (1993), as driving a vehicle “in willful or wanton disregard for the safety of persons or property.” The statute makes no mention of the number of persons whose safety is threatened; consequently, whether a defendant threatens the safety of one or many, the charge of reckless driving applies. Departure based on criminal conduct for which appellant was neither charged nor convicted, in my judgment, amounts to the imposition of an additional 13-year sentence for conduct which would, at most, be punishable by six months of imprisonment for a second violation. § 316.192(2), Fla.Stat. (1993). This type of departure sentence is precisely that which Williams prohibits.
I would therefore reverse appellant’s departure sentence and remand for imposition of a guideline sentence. See Shull v. Dugger, 515 So.2d 748 (Fla.1987).

. In Williams, the trial court’s reason for departure was the defendant's failure to appear for sentencing. In determining the same to be invalid, the supreme court explained that failing to appear for sentencing in a criminal case is itself a criminal offense, yet the defendant was not charged or convicted of such crime. Permitting deviation from the guidelines for failure to appear would, in essence, be circumventing established legislative punishments by eliminating a trial. Moreover, a departure sentence based on such reason was violative of rule 3.701(d)(ll), which prohibits departures based on offenses for which the defendant was not convicted.
In Tyner, the supreme court reversed an upward departure based in part upon the deaths of two persons during a burglary. The court explained that departure could not be grounded on the deaths, because the defendant was not convicted of them.