674 So.2d 628 (1996)
Charles Frederick BARR, Petitioner,
v.
STATE of Florida, Respondent.
No. 85864.
Supreme Court of Florida.
May 16, 1996.
Nancy A. Daniels, Public Defender and Kathleen Stover, Assistant Public Defender, Tallahassee, for Petitioner.
Robert A. Butterworth, Attorney General; James W. Rogers, Bureau ChiefCriminal Appeals, and Sonya Roebuck Horbelt, Assistant Attorney General, Tallahassee, for Respondent.
HARDING, Justice.
We have for review Barr v. State, 655 So.2d 1175 (Fla. 1st DCA 1995), which expressly and directly conflicts with the opinions in State v. Varner, 616 So.2d 988 (Fla. 1993), State v. Tyner, 506 So.2d 405 (Fla. 1987), Williams v. State, 500 So.2d 501 (Fla. 1986), and Bass v. State, 496 So.2d 880 (Fla. 2d DCA 1986). We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution.
Charles Frederick Barr stole a car at gunpoint. Thereafter, when a police officer spotted the stolen car and attempted to pull the car over, Barr fled. A high speed chase followed in heavy traffic, nearly causing several accidents. Barr was charged with *629 armed robbery and possession of a firearm by a convicted felon.
A jury convicted Barr of armed robbery. He was sentenced to twenty-five years in prison, which was an upward departure from Barr's recommended guideline sentence of seven to nine years, with a permitted range of five and one-half to twelve years. The trial court entered a written departure order, reasoning that Barr displayed a flagrant disregard for the safety of others by recklessly driving during the chase with the police and endangering the lives of numerous innocent citizens.
On appeal, the First District Court of Appeal affirmed the lower court's departure sentence based on Garcia v. State, 454 So.2d 714 (Fla. 1st DCA 1984), which held that a defendant who leads police on a high-speed chase, shoots at the police, and is involved in a wreck during the chase may receive a departure sentence based on this conduct. See Barr v. State, 655 So.2d at 1175.
Judge Ervin dissented from the majority's conclusion that departure was appropriate. Id. at 1177 (Ervin, J., dissenting). Relying upon this Court's decisions in Tyner and Williams, Judge Ervin found that Florida Rule of Criminal Procedure 3.701(d)(11) prohibits departure sentences based on reasons relating to the instant offense for which convictions have not been obtained. Id. at 1178 (Ervin, J., dissenting). Judge Ervin noted that the only reason given for Barr's upward departure sentence was his flagrant disregard for the safety of others. Because Barr could have been charged with reckless driving, Judge Ervin concluded that departure was invalid on that basis. Id. at 1177 (Ervin, J., dissenting).
Barr argues that rule 3.701(d)(11), as interpreted by such cases as Varner, Tyner, Williams, and Bass, prohibits upward departure sentences when the conduct can be separately charged as another crime. Barr further argues that a contrary holding would eliminate a defendant's constitutional right to a trial as it would permit sentencing for a crime for which the defendant has not been convicted. Thus, he contends, a defendant must be charged and convicted for each instance of criminal conduct.
The State argues, however, that section 921.0016, Florida Statutes (1993),[1] which includes endangering the lives of many persons as a valid reason for upward departure sentences, controls the instant case instead of rule 3.701(d)(11). Furthermore, the State argues that Garcia, which held that a trial court may consider the circumstances surrounding a defendant's apprehension as a basis for departure, was properly applied to Barr. The State maintains that Garcia is distinguishable from Varner, Tyner, and Williams and that none of these cases hold that a departure sentence cannot be based on the circumstances surrounding the defendant's apprehension for the offense of which he is convicted when those circumstances endanger the lives of innocent people.
We find that section 921.0016 is not applicable to the instant case as it only applies to offenses committed on or after January 1, 1994. See ch. 93-406, § 13, at 2941, Laws of Fla. Barr was arrested and charged on November 24, 1993. Instead, we look to the language of rule 3.701(d)(11) to determine whether departure was proper in this case. Rule 3.701(d)(11) provides that "[r]easons for deviating from the guidelines shall not include factors relating to ... the instant offenses for which convictions have not been obtained." As this Court explained in Tyner, the language of rule 3.701(d)(11) is "plain" and specifically provides that "[j]udges may consider only that conduct of the defendant relating to an element of the offense for which he has been convicted." 506 So.2d at 406. Tyner involved a defendant originally charged with two counts of first-degree murder and one count of armed burglary. After the murder counts were dismissed, the defendant was convicted of armed burglary. The defendant's departure sentence was invalidated because it was based upon the murders for which Tyner had not yet been found *630 guilty. Id. We concluded that "[t]o hold otherwise would effectively circumvent the basic requirement of obtaining a conviction before meting out punishment." Id.
We adhered to this position in Varner and specifically held that "departure may not be based on conduct that could have, but has not yet, resulted in criminal conviction." 616 So.2d at 988-89. Varner was convicted of shooting into a building, shooting into a vehicle, and aggravated assault. Prior to his trial, Varner allegedly threatened a witness and the trial court entered a departure sentence based in part upon that threat. On appeal, the district court found this to be an invalid reason for departure. Id. at 988. In our review of the case, we approved the district court's decision and explained that "[i]f the State wishes to punish such collateral misconduct, the proper method is to separately charge and convict." Id. at 989.
Garcia, which the district court relied upon in the instant case, was decided several years before our decisions in Williams, Tyner, and Varner. Thus, the Garcia court did not have the benefit of our reasoning and conclusions in those cases. We agree with Judge Ervin's assessment that the "better course" for the district court in the instant case would have been to follow those cases "which clearly applied the precedent established" in this Court's previous decisions. Barr, 655 So.2d at 1178 (Ervin, J., dissenting).
Relying upon the reasoning in Williams, Tyner, and Varner, a departure sentence based on flagrant disregard for the safety of others is not valid where the conduct at issue could be separately charged and convicted. See, e.g., Felts v. State, 537 So.2d 995 (Fla. 1st DCA 1988) (finding that high speed chase and resulting fatal accident were not valid basis for departure because they involved circumstances surrounding the offense for which convictions were not obtained), approved, 549 So.2d 1373 (Fla.1989); Bass, 496 So.2d 880 (same). However, where the conduct evincing such disregard involves a situation where the conduct could not be separately charged as another crime it can be a valid reason for departure. See, e.g., Felts, 537 So.2d 995 (finding that gun battle with Georgia police officers which posed unnecessary risk of harm was valid basis for departure where the subsequent Georgia convictions for aggravated assault could not be factored into scoresheet); Burgess v. State, 524 So.2d 1132 (Fla. 1st DCA 1988) (upholding departure based on flagrant disregard for safety of others where defendant shot two victims who were standing in an alley while three bystanders stood nearby).
In the instant case, the auto chase that ensued after the officer attempted to stop Barr constituted criminal conduct. Barr could have been charged either with fleeing or attempting to elude a law enforcement officer pursuant to section 316.1935(1), Florida Statutes (1993), or with reckless driving pursuant to section 316.192(1), Florida Statutes (1993). Thus, this criminal conduct for which Barr was neither charged nor convicted cannot be a valid reason for a departure sentence. Varner, 616 So.2d at 988-89; Tyner, 506 So.2d at 406; Williams, 500 So.2d at 503. Moreover, while it is not determinative of our conclusion here, we note that Barr's departure sentence far exceeds any sentence that could have been imposed if he had been convicted of the uncharged offenses of eluding a police officer[2] or reckless driving.[3]
Accordingly, we quash the decision below and remand for imposition of an appropriate guideline sentence. We disapprove the opinion in Garcia to the extent that it is inconsistent with this opinion and our previous decisions in Varner, Tyner, and Williams. We also approve the opinion in Bass.
It is so ordered.
SHAW, KOGAN and ANSTEAD, JJ., concur.
*631 WELLS, J., dissents with an opinion, in which GRIMES, C.J., concurs.
OVERTON, J., dissents.
WELLS, Justice, dissenting.
I would approve the well-reasoned decision of the district court's majority. The cases relied upon in this Court's majority are factually distinguishable.
GRIMES, C.J., concurs.
NOTES
[1] Section 921.0016, Florida Statutes (1993), addresses recommended sentences and departure sentences. The statute lists a number of aggravating circumstances where departure from the sentencing guidelines is reasonably justified, including creating a "substantial risk of death or great bodily harm to many persons." Id. § 921.0016(3)(i).
[2] At the time of Barr's arrest, fleeing or attempting to elude an officer was punishable by imprisonment for a period not to exceed one year. § 316.1935(1), Fla.Stat. (1993).
[3] Reckless driving is punishable for up to ninety days imprisonment for a first offense and up to six months imprisonment for a second offense. § 316.192(2)(a), (b), Fla.Stat. (1993).