PER CURIAM.
Appellant was convicted on two counts of manslaughter and sentenced to departure sentences of consecutive 15-year terms of imprisonment. He now challenges the departure sentences on the basis that the reason given by the trial court — that Appellant knowingly created a great risk of injury or death to a large number of persons by driving his car (after having been advised not to do so for medical reasons) at a great rate of speed in the wrong lane while entering a busy intersection — was invalid because it was based on conduct that was an inherent component of the crime charged, or, alternatively, because it was based on criminal conduct, i.e., reckless driving, for which no conviction was obtained. In view of the recent decision of the Florida Supreme Court in Barr v. State, 674 So.2d 628 (Fla.1996), quashing this court’s decision in Barr v. State, 655 So.2d 1175 (Fla. 1st DCA 1995), we are compelled to reverse.
In this court’s Barr decision we affirmed a departure sentence which was predicated on the fact that Barr’s conduct during a high-speed chase created a risk of serious harm to numerous citizens. In quashing our decision, the supreme court found controlling the provisions of Florida Rule of Criminal Procedure 3.701(d)(ll), as interpreted by prior ease law, which prohibits upward departure sentences when the conduct can be separately charged as another crime. 674 So.2d at 629. In so ruling the court rejected as inapplicable section 921.0016, Florida Statutes, which includes as a valid departure reason the existence of conduct creating a substantial risk of death or great bodily harm to many persons, since the statute applies only to offenses committed on or after its effective date, January 1, 1994. Id. at 629 n. 1. The offense in Barr occurred prior to that date, as did the offenses in the case before us.
Here, as in the Barr case, Appellant could have been, but was not, charged and convicted of the offense of reckless driving pursuant to section 316.192(1), Florida Statutes (1993). The departure sentence was therefore based upon an invalid reason, and cannot be sustained.
We find it unnecessary to address Appellant’s remaining arguments. However, as we did in Lett v. State, 668 So.2d 1094 (Fla. 1st DCA 1996), we certify to the Florida Supreme Court the following question:
DOES THE DECISION IN CONEY V. STATE, 653 So.2d 1009 (Fla.1995), APPLY TO “PIPELINE CASES,” THAT IS, THOSE OF SIMILARLY SITUATED DEFENDANTS WHOSE CASES WERE PENDING ON DIRECT REVIEW OR NOT YET FINAL DURING THE TIME CONEY WAS UNDER CONSIDERATION BUT PRIOR TO THE ISSUANCE OF THE OPINION?
Accordingly, we reverse the sentences and remand to the trial court for resentencing.
MINER and LAWRENCE, JJ., and SMITH, Senior Judge, concur.