TAYLOR, J.
Kevin J. Dillard appeals his upward departure sentence imposed by the trial court on re-sentencing following remand. We reverse and remand for re-sentencing.
Appellant was convicted of attempted trafficking in cocaine in an amount be *662 tween 28 and 200 grams. He was initially sentenced as an habitual offender to twenty years in prison. In Dillard v. State, 820 So.2d 994 (Fla. 4th DCA 2002), we held that his habitual offender sentence was impermissible, because had he been convicted of a completed trafficking offense, rather than an attempt, he would have received a lesser guidelines sentence under the trafficking statute then in effect. Accordingly, we reversed his habitual offender sentence and remanded his case for re-sentencing.
At re-sentencing, the state and appellant agreed that the recommended sentencing guidelines range was 40.5 months to 70.5 months. The state, however, asked for an upward departure sentence. Among the several grounds urged as a basis for departure was that the “offense created a substantial risk of death or great bodily harm to many persons.” § 921.0016(3)(i), Fla. Stat. (1997). The state argued that appellant created a substantial risk of great bodily harm when he ran across two lanes of a busy interstate highway to hide contraband in his possession when the police stopped and tried to search him. In response, defense counsel argued that there was insufficient evidence to support the “substantial risk” aggravator. She asserted that the mere fact that appellant crossed a busy highway is not enough to meet that aggravating circumstance. In addition, she pointed out that appellant had been acquitted of the charges of resisting arrest by fleeing, and that the state could have, but did not, charge or convict appellant of tampering with evidence.
After considering the evidence presented at the previous sentencing and the argument of counsel, the trial court imposed an upward departure sentence of twelve years in prison. He found that appellant created a substantial risk of death or great bodily harm to many persons when he ran across high-speed lanes of traffic on 1-95 to bury the drugs in the woods to “continue trafficking in those drugs.” In departing from the presumptive range, the judge made it clear that he was not relying upon appellant’s fleeing conduct, but rather his conduct in attempting to conceal the drugs in the ground. See § 921.0016(3)®, Fla. Stat. (1997)[1] (providing for departure from the guidelines if the “offense created a substantial risk of death or great bodily harm to many persons”). This appeal followed.
We reverse appellant’s upward departure sentence because the trial court’s stated reasons constitute an impermissible basis for imposing a departure sentence. In Barr v. State, 674 So.2d 628 (Fla.1996), the supreme court held that a departure sentence cannot be based on conduct which could have supported a separate charge and conviction. In that case, the defendant was convicted of armed robbery for stealing a car at gunpoint. Before his arrest, the defendant was spotted driving the stolen vehicle. He fled from the police when they attempted to pull him over, engaging them in a high speed chase. According to the police, the defendant almost caused several accidents. The trial court imposed an upward departure sentence from the defendant’s recommended guideline sentence, finding that the defendant displayed a flagrant disregard for the safety of others by recklessly driving during the chase and endangering the lives of numerous innocent citizens.
In holding that the departure sentence was invalid, the Barr court relied on its *663 prior rulings prohibiting a departure sentence based on conduct that could have, but did not, result in criminal conviction.[2] Id. at 630. The court noted that Barr could have been charged either with fleeing or attempting to elude a law enforcement officer or with reckless driving. Id.
Although Barr involved a pre-1994 guidelines offense, we followed Barr’s reasoning in a 1994 guidelines case, Rendon v. State, 690 So.2d 645, (Fla. 4th DCA 1997). There, we held that a departure sentence could not be based on cover-up activity following the primary offense, where the defendant’s cover-up efforts had not resulted in a criminal conviction. Rendon’s primary offense was leaving the scene of an accident involving injury or death. After he pled guilty to that offense, the trial court imposed an upward departure sentence based on the defendant’s attempted cover-up of the crime by “engaging in a course of lying to the police and letting his wife lie to the police, thus subjecting her to a possible perjury charge.” Rendon, 690 So.2d at 646.
In finding these reasons for departure invalid, we first observed that the guidelines do not permit departure based on “avoiding detection.” While finding this to be particularly so for the crime of leaving the scene of an accident, of which avoiding detection is an inherent feature, we noted that efforts to cover up a crime are generally common to all crimes. Id. at 647 (citing Smith v. State, 620 So.2d 187 (Fla.1993)(holding that efforts to cover up a crime do not justify a sentencing guidelines departure)).
Further, we reasoned that the defendant’s conduct in lying to the police and involving his wife in his deceitful scheme formed the factual basis for a separate misdemeanor obstruction charge, for which the defendant was convicted and sentenced. Finally, with respect to the defendant’s efforts to suborn perjury by involving his wife in his cover-up activity and lying under oath to the police, we pointed out that this conduct could have formed the basis of a separate charge of subornation of perjury. Thus, we determined that the supreme court’s Varner decision controlled, precluding this uncharged conduct as a basis for an upward departure sentence. See Varner, 616 So.2d at 988 (reversing an upward departure sentence for defendant’s alleged threats against a witness before trial because defendant was not charged and convicted of witness tampering).
In this case, the sole reason cited by the trial court for departure was that appellant’s conduct in crossing the highway to hide the drugs created a substantial risk of death or great bodily harm to many persons. The court explained that it was not basing departure on appellant’s resisting or fleeing conduct, for, as the state acknowledged, appellant was tried and acquitted of resisting arrest. Instead, the court stated that its decision to depart was based on appellant’s conduct in crossing the highway to conceal the drugs in the woods, “in order to be able to, if he was not caught or if they were not found, to continue trafficking in those drugs.” For this conduct, appellant could have been, but was not, charged or convicted of the separate crime of tampering with evidence. We thus conclude that such conduct could not form the basis for an upward departure.
Because we determine that the upward departure sentence is invalid since it is *664 based upon an offense for which a conviction has not been obtained, we need not address whether the underlying facts are sufficient to justify departure on the ground of substantial risk of death or great bodily harm to many persons. See Green v. State, 662 So.2d 748 (Fla. 4th DCA 1995)(holding that facts that support a departure sentence must be proven by preponderance of evidence); Wray v. State, 639 So.2d 621, 623 (Fla. 4th DCA 1994)(“The proof necessary to support a departure sentence is the preponderance of the evidence. Fla. R.Crim. P. 3.701(b)(6)”).
We reverse appellant’s sentence and remand this cause to the trial court with directions to re-sentence appellant within the appropriate guidelines range.
REVERSED and REMANDED.
FARMER, C.J. and GUNTHER, J., concur.

. Section 921.0016 has been repealed effective October 1, 1998, but remains in effect with respect to crimes committed before October 1, 1998. The crime in this case was committed in 1997.

. State v. Varner, 616 So.2d 988 (Fla.1993); State v. Tyner, 506 So.2d 405 (Fla.1987); and Williams v. State, 500 So.2d 501 (Fla.1986).